[Civ. No. 9478. Fourth Dist., Div. Two. Mar. 19, 1970.]

NARVIS THOMPSON, Plaintiff and Appellant, v.
JOHN STRONA & SONS, Defendant and Respondent.

706

**COUNSEL**

Carroll & Anderson, Allen J. Kent and Thomas Anderson for Plaintiff and Appellant.

Sackett, Olson, Alsop & Moore, James T. Moore; Henry F. Walker and Abe Mutchnik for Defendant and Respondent.

**OPINION**

**KERRIGAN, Acting P. J.**—Plaintiff sustained an injury on May 13, 1964, at Indio, while working as a painter on a freeway overpass construction project when an employee of the defendant, John Strona & Sons, dropped a ⅜″ x 20′ steel rod, which struck plaintiff on the back of the neck. Plaintiff was employed by a subcontractor at the time of the injury and filed suit against John Strona & Sons, the general contractor of the project, based on the negligence of defendant's employee. Defendant initially denied liability, injury, and damages. When the cause came on for trial, defendant admitted liability and withdrew the affirmative defense of contributory negligence. The cause proceeded to trial solely on the injury and damage issues. The jury returned with a $25,000 verdict. Defendant moved for a new trial and also moved for judgment notwithstanding the verdict. The trial judge denied the motion for judgment notwithstanding the verdict, but granted a new trial limited to the issue of damages.

In granting the new trial, the court made the following order:

"It Is Hereby Ordered that the judgment for the plaintiff and against the defendant is hereby vacated and set aside and defendant's motion for

new trial is hereby granted on the issue of damages only on the grounds that the evidence was insufficient to support the verdict and that said verdict was excessive.

"The Court does hereby pursuant to Section 657 et seq. of the Code of Civil Procedure specify the grounds upon which the motion was granted and the reasons therefor as follows:

"(a) That the evidence was insufficient to support the verdict.

"(b) That the verdict was excessive.

"After weighing the evidence the Court is convinced from the entire record including the reasonable inferences therefrom that the jury clearly should have reached a different verdict for the evidence was insufficient to support the allegation or proposition that plaintiff sustained permanent injury or disability which would require any further treatment or which would prevent plaintiff from continuing to participate in his usual activities including his occupation of that as a painter. The evidence did not support the allegation or proposition that plaintiff would be likely to incur any future loss of income or medical expenses. The total medical expenses incurred by plaintiff following the accident totaled $432.50, a considerable amount of which was incurred for medical examinations rather than required treatment. The Court, therefore, has reason to believe that the jury acted under the influence of passion and prejudice against the defendant and/or sympathy for the plaintiff.

"Since the amount of damages awarded was not supported by sufficient evidence and was excessive for the injuries allegedly sustained by plaintiff as a proximate result of defendant's admitted negligence, the Court grants defendant's motion for a new trial on the issue of damages only."

Section 657 of the Code of Civil Procedure, as amended in 1965 and 1967 and fully effective at the time this cause was tried in May 1968, provided, inter alia, as follows:

". . . a new or further trial [may be] granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes . . . .

". . . . . . . . . . . . . . . . . . . .

"5. Excessive or inadequate damages.

". . . . . . . . . . . . . . . . . . . .

". . . On appeal from an order granting a new trial . . . the order shall not be affirmed . . . *upon the ground of excessive . . . damages,* unless *such ground is stated in the order* granting the motion, and on

appeal from an order granting a new trial . . . upon the ground of excessive or inadequate damages, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and *such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons.*" [Italics supplied.]

■ Under the statute, an order granting a new trial on the grounds of insufficiency of the evidence to justify the verdict or on the ground of excessive damages shall be reversed only when there is no substantial basis in the record for any of such reasons. (*Mercer* v. *Perez,* 68 Cal.2d 104, 115 [65 Cal.Rptr. 315, 436 P.2d 315].) ■ Granting of a motion for a new trial rests in the discretion of the trial judge to such an extent that the reviewing court will not interfere unless an abuse of discretion clearly appears. (*Martinez* v. *Harris,* 273 Cal.App.2d 385, 397 [78 Cal.Rptr. 325].) ■ The amendments of the section do not curb the discretion vested in the trial judge to grant a new trial. (*Dixon* v. *St. Francis Hotel Corp.,* 271 Cal.App.2d 739, 741 [77 Cal.Rptr. 201].) ■ On appeal from an order granting a new trial, the appellate court's review is limited to inquiry as to whether there was any support for the trial judge's ruling. (*Mehling* v. *Schield,* 253 Cal.App.2d 55, 59 [61 Cal.Rptr. 159].)

Prior to the 1965 amendment of the statute, there apparently were few, if any, cases where an order granting a new trial on the ground of insufficiency of the evidence was reversed based on abuse of discretion. Similarly, there were few, if any, cases reversing an order granting a new trial on the ground of excessive damages. It would appear manifest that a new trial based upon the ground of excessive damages is merely the court's determination that the evidence is insufficient to support the verdict. (3 Witkin, Cal. Procedure (1954) Attack on Judgment in Trial Court, § 8(a)(19), p. 2064-2065; see also *Sinz* v. *Owens,* 33 Cal.2d 749, 760 [205 P.2d 3, 8 A.L.R.2d 757].)

■ Notwithstanding the amendments to the code, all presumptions are in favor of the order granting a new trial as against the verdict with the reviewing court not disturbing the ruling unless a manifest and unmistakable abuse of discretion appears. (*Mercer* v. *Perez, supra,* 68 Cal.2d 104, 112-113.) ■ Secondly, an order granting a new trial on the ground of insufficiency of the evidence or excessive damages may be reversed only when "it can be said as a matter of law that there is no substantial evidence to support a contrary judgment" or to support the trial court's specification of reasons. (*Ibid.,* p. 114.)

The issue then arises whether there is any substantial evidence in the record under review to support the trial court's order granting a new trial on the ground of excessive damages. Plaintiff contends that the trial court's specification of reasons for granting the new trial completely ignored plaintiff's loss of wages, loss of future earning power, and general damages for pain and suffering. Resolution of such issue and contention requires a review of the plaintiff's work record and medical history following the accident.

After being struck on Wednesday by a piece of reinforced steel, defendant took an aspirin and returned to work within an hour. The following day he worked a full shift. On Saturday, he went to a doctor as he was experiencing headaches. He was X-rayed and given nominal medication for pain. He never saw the initial doctor again.

He continued to work as a painter. Two months later he saw a second doctor. The latter diagnosed his condition as acute muscular ligamentous sprain of the cervical spine and strain of the right sacroiliac area. He was referred to a therapist for ultra-sound treatments, hot packs, traction, massage and exercise. He had twenty-two (22) therapy treatments.

He saw the second physician again in September 1964, a third time in November 1964, and a fourth time in February 1965, when the doctor recommended resumption of therapy treatments which had been terminated the prior September. Four (4) therapy treatments were administered in February and finally discontinued. Plaintiff next visited the second physician three years later in January 1968 for examination purposes.

Plaintiff also consulted a neurological surgeon on five occasions, beginning in October 1964 and ending on January 5, 1968. However, these five visits were limited to consultations and examinations.

Summarizing, plaintiff received no medical treatment after February 1965.

At trial, plaintiff registered the following complaints: (1) muscular spasms of the neck; (2) headaches; (3) shoulder pain; (4) his right arm tires after protracted periods of working or usage; (5) limitation of motion of the neck; and (6) some loss of grip in right hand.

The total medical expenses incurred by the plaintiff amount to $432.50, a ". . . considerable amount of which was incurred for medical examination rather than required treatment. . . ." as noted by the trial court in its order granting a new trial.

There is indisputable evidence to the effect that plaintiff will incur no future medical expense. One of the plaintiff's physicians testified that he

would not recommend any further medical treatment or any extensive diagnostic testing. Surgical intervention was not recommended by any of the physicians

However, there was a disagreement among the experts as to the nature and extent of plaintiff's injuries. Plaintiff's treating and consulting physicians testified that as a result of the blow, he sustained disc degeneration with permanent hypertropic spondylosis and nerve route compression. Defendant's medical expert concluded that plaintiff received a direct blow in the back of the neck a little below where the skull articulates with the cervical region of the spine, and diagnosed the condition as a sprain of the posterior cervical ligaments and musculature. He found no evidence of nerve root irritation such as an encroachment on the nerve root. He found some narrowing of the cervical spine but did not feel that such finding was significant inasmuch as plaintiff was 53 years of age and might have had some deterioration in that part of his neck because of his age and the mobility of that part of the neck. He did not find any hypertropic spurring or spondylosis, but agreed that the narrowing of plaintiff's cervical area indicated disc pathology.

The experts were unanimous in opining that plaintiff's condition is permanent and stationary.

However, there is no evidence that plaintiff has suffered or in the future will suffer any specific loss of earnings flowing from the accident. His earning potential is exactly the same as it was before the injury. The trial court indicated that the injuries did not prevent him from continuing to participate in his usual activities as a painter. Defendant testified that he had been employed on one job as a nonunion painter for more than 15 months prior to the trial, and that he had worked a full five-day week for the same firm. There was no evidence establishing that plaintiff would not be able to continue his present occupation indefinitely in the future. Consequently, the trial judge was justified in finding that plaintiff could be expected to be able to remain a painter for the rest of his working life.

While plaintiff maintains that he would have continued working for a union contractor at $5.29 an hour, as distinguished from nonunion painting contractors at $4 an hour, there was credible evidence indicating that union work was not always available; the only instances wherein plaintiff lost any work since the injury occurred where there was a lack of demand for union painters, not from any physical disability.

■ The trial judge has a positive duty to keep the verdict in line with the facts when the matter is presented to him on motion for a new trial. (*Van Ostrum* v. *State of California,* 148 Cal.App.2d 1, 5 [306 P.2d 44].)

It is difficult to specify the factors that will justify setting aside a verdict in a personal injury case because of the complex set of factors of which the award is composed. (15 Cal.Jur.2d, Damages, § 223, p. 33.) ▆ Here, the trial court properly considered the special damages sustained, noted that the medical expenses only amounted to $432.50, determined that plaintiff had incurred no significant loss of wages from the date of injury to the date of trial, and concluded that plaintiff was not likely to suffer any future loss of earnings as a result of the injury, and would not incur any further medical expense. In view of the conflict in the evidence as to the nature, cause, and extent of plaintiff's injuries (see *Parks* v. *Dexter,* 100 Cal.App.2d 521, 527 [224 P.2d 121]), and inasmuch as the special damages were relatively nominal in amount, it cannot be said as a matter of law the trial court abused its discretion in determining that the $24,567.50 award of general damages was excessive and unsupported by substantial evidence.

The order granting a new trial is affirmed.

Tamura, J., and Gardner, J., concurred.