[Civ. No. 43730. Second Dist., Div. Five. Dec. 27, 1974.]

JESSE DIZON, Plaintiff and Appellant, v.
CHARLES POPE, Defendant and Respondent.

**COUNSEL**

Rex K. DeGeorge for Plaintiff and Appellant.

James A. Nickoloff for Defendant and Respondent.

**OPINION**

**ASHBY, J.**—Plaintiff appeals from an order granting defendant's (respondent) motion for a new trial on all issues unless plaintiff (appellant) files a remission of judgment in the sum of $35,000.

On June 8, 1970, appellant and respondent were involved in an automobile accident. The case was tried to a jury which returned a verdict for appellant and awarded damages in the amount of $50,000. Respondent moved for a new trial. That motion was granted by the trial court. The order granting the motion for a new trial provided as follows: "Defendant's motion for new trial having been submitted July 27, 1973, the court now makes its order and gives its statement of reasons therefor as follows:

"Motion for new trial is granted unless plaintiff within 10 days from the date hereof files a remission of judgment in the sum of $35,000.00, leaving a total judgment of $15,000.00 plus costs. If remission is filed as aforesaid the motion for new trial is denied.

"The motion for new trial will be granted on the grounds that the

verdict is excessive. The plaintiff sustained special damages of $1536.00. The injury was to soft tissue and does not appear to be permanent.

"By order of court counsel are informed with copies hereof by mail."

Code of Civil Procedure section 657 provides that a new trial may be granted for various enumerated grounds including "[e]xcessive or inadequate damages. . . . When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated." The section further provides that "[o]n appeal from an order granting a new trial . . . upon the ground of excessive or inadequate damages, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is *no substantial basis* in the record for any of such reasons." (Italics added.)

■ The dispositive issue in this appeal is whether the specification of reasons in the trial court's order is adequate to comply with the requirements of Code of Civil Procedure section 657 as construed by the Supreme Court in *Mercer v. Perez*, 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315], and *Scala v. Jerry Witt & Sons, Inc.*, 3 Cal.3d 359 [90 Cal.Rptr. 592, 475 P.2d 864], and if adequate whether the court's order is supported in the record by any substantial evidence.

The reasons stated by the trial court in its order granting a new trial were that "[t]he plaintiff sustained special damages of $1536.00. The injury was to soft tissue and does not appear to be permanent." That statement of reasons falls far short of the standard required by the Supreme Court in *Mercer v. Perez, supra,* 68 Cal.2d 104, and *Scala v. Jerry Witt & Sons, Inc., supra,* 3 Cal.3d 359. In *Scala* the court stated at page 366: ". . . we explained in *Mercer* the two-fold intent underlying the requirement of a specification of reasons. (*Id.* at pp. 113-115.) Of these two purposes, the need 'to make the right to appeal from the order more meaningful' (*id.* at p. 113) is perhaps the more useful yardstick to an appellate court for measuring the adequacy of the specification. We pointed out (at p. 114) that before the 1965 amendments to section 657 an appellant 'had no way of knowing which portions of the proof were deemed inadequate and required justification before the reviewing court. . . . The scope of review thus encompassed the entire body of the testimony and exhibits introduced at the trial. The appellate court could

find itself considering alleged insufficiencies totally unrelated to those relied upon by the trial judge. . . .' Since the 1965 amendments, we observed, the scope of review has been 'narrowed to more manageable proportions: the appellant need only address himself to those asserted deficiencies in the proof which are specified as reasons for the order, and the reviewing court need only determine if there is a substantial basis for finding such a deficiency in any of the respects specified.' (*Id.* at p. 115.)"

In the instant case respondent called no witnesses. Appellant called respondent as a witness pursuant to Evidence Code section 776. Only three other witnesses testified, including Dr. Abe Schuchman. The court in its order did not discuss the evidence. It did not state whether it believed or disbelieved the testimony of Dr. Schuchman regarding appellant's injuries. There was no indication whether the court accepted or rejected portions of his testimony or excerpts from the reports of Dr. Field which were admitted into evidence although the doctor did not testify.[1] The court did not set forth how it arrived at the total of special damages mentioned in the order or the significance of its statement regarding soft tissue. As we said in *Dorsic* v. *Kurtin,* 19 Cal.App.3d 226 at page 233 [96 Cal.Rptr. 528], "[u]pon examination of these reasons, we are compelled to interpret them and to draw inferences in order to make them meaningful for purposes of review." (See *Miller* v. *Los Angeles County Flood Control Dist.,* 8 Cal.3d 689 [106 Cal.Rptr. 1, 505 P.2d 193]; *Meiner* v. *Ford Motor Co.,* 17 Cal.App.3d 127 [94 Cal.Rptr. 702].) The trial court did not indicate whether it believed the evidence was inadequate to establish the loss of future earnings.

Furthermore, the reasons set forth in its order granting a new trial did not specify the evidence which convinced the court that appellant's "injury . . . does not appear to be permanent." On that question Dr. Schuchman testified as follows:

"Q   The question is, assume the man does not have an operation at this time.

"Now, today, do you have an opinion as to whether or not in his present condition he should go out and do any kind of work that involves bending, lifting, stooping, or like working in a stockroom or driving a car all day?

---

[1]The examination by Dr. Field was more than two years prior to the trial.

"A   No, of course not.

"Q   He should not do such things?

"A   No.

"Q   Do you have any opinion as to whether he should receive any treatment in his present condition? Yes or no?

"A   Yes.

"Q   What is your opinion as to the treatment he should receive?

"A   I think he should go to a hospital for ten days for pelvic traction, or Buck's traction, for at least seven to ten days to see if it's going to pull the pressure off the nerve.

"Q   All right. Do you have an opinion at the present time as to whether or not the condition in his L 1, S 1 is permanent?

"A   If you leave it alone it will be permanent. And, of course, you will have permanent changes due to the fact if it's operated on and you definitely have permanent changes and you don't change the—if he doesn't receive further treatment he will definitely have further problems.

"Q   All right. Assuming that he is hospitalized for ten days, is it your opinion he will be cured for life or have remissions and exacerbations?

"A   As I stated before—Of course, the number of people—

"Q   Sir, what is your opinion?

"A   No. He won't be cured for life.

"Q   All right. Will you expect him to have exacerbations?

"A   Possibly, yes."

Respondent relies on *Thompson* v. *John Strona & Sons,* 5 Cal.App.3d 705 [85 Cal.Rptr. 350]. That reliance is misplaced. In *Thompson* the trial court granted a new trial to the defendant on the ground that damages of

$25,000 awarded by the jury were excessive. Plaintiff's total special medical damages were $432.50. The Court of Appeal affirmed the granting of the new trial stating that "the trial court properly considered the special damages sustained, noted that the medical expenses only amounted to $432.50, determined that plaintiff had incurred no significant loss of wages from the date of injury to the date of trial, and concluded that plaintiff was not likely to suffer any future loss of earnings as a result of the injury, and would not incur any further medical expense. In view of the conflict in the evidence as to the nature, cause, and extent of plaintiff's injuries (see *Parks* v. *Dexter,* 100 Cal.App.2d 521, 527 [224 P.2d 121]), and inasmuch as the special damages were relatively nominal in amount, it cannot be said as a matter of law the trial court abused its discretion in determining that the $24,567.50 award of general damages was excessive and unsupported by substantial evidence." (*Id.,* at p. 712.) The order in *Thompson* identifies those aspects of the evidence which convinced the trial court that the award was excessive.

In the instant case the specification of reasons by the trial court in its order granting the new trial as previously discussed is clearly deficient and not in compliance with Code of Civil Procedure section 657.

The order is reversed.

Kaus, P. J., and Hastings, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 19, 1975.