[Civ. No. 15361. Fourth Dist., Div. Two. Feb. 10, 1976.]

CLARA OBERSTEIN, Plaintiff and Appellant, v.
JAMES H. BISSET et al., Defendants and Respondents.

## COUNSEL

Bush, Bush & Larsen and Lloyd M. Larsen for Plaintiff and Appellant.

Parker, Stanbury, McGee & Babcock, George H. Babcock and Robert J. Moss for Defendants and Respondents.

## OPINION

**TAMURA, Acting P. J.**—This appeal presents the question whether a trial court's adoption of specification of reasons voluntarily drafted by counsel for the moving party constitutes acceptable compliance with the pertinent requirements of Code of Civil Procedure section 657.[1]

Plaintiff obtained a jury verdict against defendant for $10,000 for personal injuries sustained in an automobile collision. Following a hearing on defendant's motion for a new trial on all statutory grounds, the court made a minute order granting a new trial on the issue of damages only on the ground the award was excessive unless plaintiff consented to a reduction of the award to $4,000. On the ninth day after the motion was granted, the court signed and filed a detailed specification of reasons which had been voluntarily drafted by defense counsel on his firm's stationery. Plaintiff declined to consent to a reduction of the award and appeals from the order granting a new trial.

Plaintiff contends that the actions taken by the trial court failed to satisfy the requirements of Code of Civil Procedure section 657.

---

[1]Code of Civil Procedure section 657 provides in relevant part:

"When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated.

"A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision, nor upon the ground of excessive or inadequate damages, unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a different verdict or decision.

"The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. The court shall not direct the attorney for a party to prepare either or both said order and said specification of reasons."

Defendants, on the other hand, seek to uphold the order on two grounds: (1) The minute order contained adequate specification of reasons and (2) the court was empowered to adopt the specification of reasons drafted by defense counsel. We have concluded that the order may not be sustained on either basis.

## I

■ The minute order (set out in the margin below) manifestly does not contain an adequate specification of reasons for an order granting a new trial on the ground of excessive damages.[2]

The same test used to determine the sufficiency of specification of reasons in respect to an order granting a new trial for insufficiency of the evidence applies to an order grounded on excessive or inadequate damages. (*Stevens* v. *Parke, Davis & Co.,* 9 Cal.3d 51, 61 [107 Cal.Rptr. 45, 507 P.2d 653]; *Krueger* v. *Meyer,* 48 Cal.App.3d 760, 763-764 [121 Cal.Rptr. 814].) A conclusory statement which merely amounts to a restatement of the ground of the motion is inadequate. The specification of reasons "must briefly identify the portion of the record which convinces the judge 'that the court or jury clearly should have reached a different verdict or decision.' " (*Mercer* v. *Perez,* 68 Cal.2d 104, 116 [65 Cal.Rptr. 315, 436 P.2d 315].) The statement in the case at bench that "[t]he Court finds there is no evidence to indicate anything other than a very minor type of strain or injury" fails to identify the evidence which convinced the court that the injury was only very minor and that the damages awarded were excessive. Such conclusory statements are wholly inadequate. (See e.g., *Dizon* v. *Pope,* 44 Cal.App.3d 146, 148 [118 Cal.Rptr. 465] [statement that "[t]he injury was to soft tissue and does not appear to be permanent" held to be an inadequate specification of reasons for an order granting a new trial for excessive damages].)

## II

■ Thus the critical issue is whether the court's adoption of the specification of reasons drafted by defense counsel satisfies the statutory requirement. We have concluded that it does not.

---

[2]The minute order states: "The Court finds there is no evidence to indicate anything other than a very minor type of strain or injury; that the damages are excessive. As a matter of law there is no substantial evidence to support the Judgment on the issue of damages. Therefore, a new trial is granted on the issue of damages alone, unless Plaintiff and her counsel consent to a reduction of the Judgment to $4,000.00 plus costs. Said consent to be conveyed to the Court within the statutory time, or if none provided, then within 30 days from this date."

One of the main objectives of the 1965 amendment to Code of Civil Procedure section 657 is to encourage careful deliberation by the trial judge before granting a motion for a new trial. In furtherance of that objective, the Legislature has provided that "the [trial] court must . . . prepare, sign and file" a specification of reasons and "shall not direct the attorney for a party to prepare . . . said specification of reasons." (Code Civ. Proc., § 657; *Mercer* v. *Perez, supra,* 68 Cal.2d 104, 113.) The word "prepared" was inserted by the Legislature "to indicate that it is the duty of the court rather than counsel to draft the requisite specification of reasons." (*La Manna* v. *Stewart,* 13 Cal.3d 413, 421-422 [118 Cal.Rptr. 761, 530 P.2d 1073].) The law "forbids the judge from shifting to the attorney for the prevailing party the duty to prepare either the statement of grounds or the specification of reasons." (*Mercer* v. *Perez, supra,* 68 Cal.2d 104, 113.)

*La Manna* v. *Stewart, supra,* 13 Cal.3d 413, our High Court's most recent pronouncement on the subject, makes it crystal clear that there is no substitute for strict compliance with the legislative directive that the court must "prepare," "sign," and "file" the specification of reasons. Each of those requirements was held to be mandatory and jurisdictional. (13 Cal.3d at p. 422.) In reversing a new trial order, the court held: (1) An oral recital, no matter how thoroughly prepared, cannot amount to compliance with the statutory directive that the specification of reasons must be in writing; (2) the operation of the statutory 10 days within which compliance is required is not dependent on a showing of prejudice; and (3) responsibility for compliance with the duty to prepare a written specification of reasons rests on the trial judge and "the fatal omission of such a specification cannot be filled by any act of counsel or party." (*La Manna* v. *Stewart, supra,* 13 Cal.3d 413, 424.)

Thus, from *Mercer* to *La Manna* the Supreme Court has consistently and emphatically insisted upon " '*full and timely* compliance' " with the statute. (*La Manna* v. *Stewart, supra,* 13 Cal.3d 413, 423; original italics; quoting *Mercer* v. *Perez, supra,* 68 Cal.2d 104, 124.) Moreover, the court has admonished that it "will not 'countenance any practice designed to circumvent the new statutory prohibition against preparation of the specification of grounds or reasons by the attorney for the moving party.' " (*La Manna* v. *Stewart, supra,* 13 Cal.3d 413, 424, quoting *Mercer* v. *Perez, supra,* 68 Cal.2d at pp. 123-124, fn. 8.)

■ Defendant, however, seizes upon the ensuing statement in *Mercer's* footnote 8 where the court said: "But this does not mean that

the attorney, in the discharge of his professional responsibilities, may not assist the court by calling its attention within the 10-day period to any such deficiency in the order, thereby enabling it to be corrected within the jurisdictional period." (68 Cal.2d at pp. 123-124, fn. 8.) Defendant infers from the foregoing language that *Mercer* did not intend to preclude the trial court from adopting a specification of reasons voluntarily drafted by counsel for the moving party.

As we read the quoted language from *Mercer,* if the trial judge is dilatory in preparing and filing his specification of reasons or if those which he does prepare and file are deficient, counsel for the moving party is not required to stand by helplessly but may remind the judge of the statutory requirements. He may do this by calling the judge's attention to the express terms of section 657 and by citing pertinent case law interpreting them. In our view, however, *Mercer* does not contemplate "assistance" to the extent of drafting the specification of reasons for the court's adoption, for to countenance such a practice would permit circumvention of the statutory mandate that the judge is the one who must prepare the statement of reasons. Were we to uphold defendant's position, every time a motion for a new trial is granted for insufficiency of the evidence or for inadequate or excessive damages, counsel for the moving party could, and probably should to insure that the interest of his client is fully protected, graciously volunteer to assist the court by drafting a specification of reasons for the court's consideration and adoption. The court's adoption of specifications so prepared would be a clear violation of the letter as well as the spirit of the statute. It would, in effect, eliminate the most important of the three jurisdictional acts required to be performed by the court. The statute directs the court to "prepare, sign and file" the specification of reasons, not simply to "sign and file" it.

The conclusion we reach is at variance with that suggested by Mr. Witkin, who states: "It would seem that, if the attorney can suggest to the judge that he has failed to make the necessary specification, he can also suggest the form of an adequate specification. Thus, the statute merely prevents the judge from imposing the duty on counsel; it does not prevent counsel from voluntarily undertaking to perform it, nor does it prevent the judge from accepting the benefits of such performance, with or without credit." (5 Witkin, Cal. Procedure (2d ed.) § 87, pp. 3664-3665.)

We cannot agree with the rationale that if the attorney can point out deficiencies in the judge's specification it must follow that he should be authorized to prepare and submit a specification of reasons which he, the attorney, deems adequate. It is one thing to point out legal deficiencies in the judge's statement of reasons by citing pertinent case law and another thing to draft what the attorney feels are adequate specifications. The specification of reasons must be the product of the judge's mental processes and not that of the attorney for the moving party.

### CONCLUSION

The trial court's failure to comply with the requirements of Code of Civil Procedure section 657 requires reversal of the order granting a new trial. Accordingly, the judgment will be automatically reinstated. (*Stevens* v. *Parke, Davis & Co., supra,* 9 Cal.3d 51, 63; *La Manna* v. *Stewart, supra,* 13 Cal.3d 413, 425.)

Order granting new trial is reversed.

Kaufman, J., and McDaniel, J., concurred.