[Civ. No. 15918. Fourth Dist., Div. Two. Sept. 1, 1977.]

BRYAN MICHAEL SMITH, a Minor, etc., Plaintiff and Appellant, v. JAMES MOFFAT, Defendant and Appellant.

88

COUNSEL

Aitken, Bradshaw & Andres and Wylie A. Aitken for Plaintiff and Appellant.

Ellis J. Horvitz and Irving H. Greines for Defendant and Appellant.

OPINION

TAMURA, J.—These appeals arise out of a wrongful death action brought by plaintiff, a minor, for the death of his mother (Cynthia Smith) allegedly caused by negligent medical care provided by defendant Dr. James Moffat and the Westminster Community Hospital.[1] Cynthia Smith was injured in an automobile accident and taken to a hospital where she received emergency treatment including a trache-

---

[1]Another doctor was also named as a defendant but the case was dismissed as against him during the trial and he is not a party to this appeal.

otomy. She died some 30 hours later. Plaintiff's theory of liability was that defendant and the hospital failed to provide proper medical care and treatment following the tracheotomy. The jury returned a verdict in favor of the hospital but against defendant and assessed damages in the sum of $5,000.

Plaintiff moved for a new trial. The motion was denied as to the hospital but was granted as to defendant on all issues. Defendant appeals from the order granting the new trial and plaintiff has taken a protective cross-appeal from the judgment. We have concluded that the order and judgment must be reversed.

## THE ORDER GRANTING NEW TRIAL

Plaintiff's motion for new trial recited the following grounds: "1. Irregularity in the proceedings of defendants' counsel; [¶] 2. Orders of the Court prevented plaintiff from having a fair trial; [¶] 3. Abuse of discretion prevented plaintiff from having a fair trial; [¶] 4. Inadequate damages; [¶] 5. Insufficiency of the evidence to justify the verdict; [¶] 6. Errors in law, occurring at the trial and excepted to by plaintiff, BRYAN MICHAEL SMITH." The notice of motion requested a new trial on the issue of damages only, or in the alternative, on all issues.

On July 31, 1975, the date the motion was heard, a minute order was entered reading in pertinent part as follows: "Motion for New Trial as to Defendant Westminster Community Hospital is denied. Motion for New Trial granted as to all issues as to Defendant Dr. Moffat only for the reason that the jury verdict amount leads the Court to conclude that it was arrived at as a result of a compromise and for that reason the jury may not have given adequate decision as to the liability as to this defendant. The evidence concerning liability of Defendant Moffat is insufficient to justify the finding of the jury. Testimony of the other medical witnesses other than Dr. Locks would indicate that the condition of the decedent [*sic*] at the time Dr. Moffat undertook treatment was irreversible; that any remaining life of said decedent was limited to hours or days at the most. There is a serious question of Dr. Locks' expertise in the field in which he testified; the field in which Dr. Moffat worked in the care of tracheostomy [*sic*] tubes, etc. Counsel to prepare any necessary findings, etc. ENTERED 7-31-75"

On August 14 the judge signed and filed an order reading as follows: "The motion of plaintiff for a new trial is granted as to the defendant

Moffat only on the ground of insufficiency of damages and the insufficiency of the evidence to justify the verdict. The specifications of reasons for granting said motion shall be contained in a memorandum to be prepared by the Court and filed herein within ten days from the date of the filing of this order. [¶] The motion of plaintiff to limit said new trial to the issue of damages is denied and the new trial is granted as to all issues."

On August 20 the judge signed and filed a specification of reasons for granting the new trial which is set forth in full in the margin below.[2]

---

[2]The specification of reasons provides as follows:

"The Court's reasons for granting the Motion for New Trial in this case are as follows:

"I. THE AWARD OF DAMAGES IS INADEQUATE AS A MATTER OF LAW:

"After deducting funeral expenses of $969.33 from the $5,000.00 verdict, the sum of $4,030.66 remains as general damages. In the light of uncontradicted evidence that the 20 year old decedent had shown normal maternal affection and concern for the plaintiff minor and had worked to contribute to his support, this sum is so grossly disproportionate to the loss suffered that it must be deemed inadequate as a matter of law even if the testimony of the economist is disregarded in its entirety.

"The testimony of the grandparents indicated that the child resided with them because of the existing economic circumstances of the decedent. While these grandparents did furnish a large part of the child's needs, the mother always exhibited the proper interest in his well-being and did her utmost to secure and maintain employment in order to contribute to his support. Clearly, she did not abandon her child and there is no basis for a conclusion that she was less than a loving and concerned mother.

"II. THE EVIDENCE WAS INSUFFICIENT TO JUSTIFY THE VERDICT.

"After a review of the entire record, and after weighing all of the evidence, the Court is convinced that the jury was not justified in returning a verdict against defendant Moffat.

"Plaintiff's expert witness' testimony, when weighed against the overwhelming expert opinion produced by defendants, is completely lacking in probative force to prove that defendant Moffat failed to adhere to the standard of care practiced by the medical community in his treatment of decedent. The overwhelmingly persuasive evidence shows that decedent was brought to the hospital with extremely serious injuries received in an auto accident. The tracheostomy [sic] was performed to restore breathing which was impeded by the fractured larynx, but, in spite of temporary improvement in vital signs, her lungs were so badly contused that death was only hours away.

"Whether a cuff was used on the tracheostomy [sic] was of no consequence in the attempt to save her life. Whether the tube was aspirated properly was an important factor. Dr. Locks' opinion that the larynx fracture should have been repaired is totally invalid when compared to the opinions of Doctors Herndon and Visentine that decedent died from the massive bleeding in the contused lungs. The opinion of Dr. Locks is totally outweighed by opposing evidence, including the testimony of Dr. Fisher, who performed the autopsy.

"III. THE NEW TRIAL MUST BE GRANTED AS TO ALL ISSUES:

"Even if the Court's finding as to insufficiency of the evidence to support the verdict as to liability was disregarded, the new trial must be granted as to all issues.

"The verdict rendered by the jury is so grossly disproportionate to the damages suffered that it is logical to conclude that the jury compromised the issue of liability. To limit the new trial to the issue od [sic] damages would be a miscarriage of justice."

Defendant contends that insofar as it is based on grounds of insufficiency of the evidence and inadequacy of damages, the new trial order is fatally defective because of the lack of a timely and adequate specification of reasons as required by Code of Civil Procedure section 657.[3] We agree.

The Supreme Court has consistently and emphatically insisted upon *"full and timely* compliance" with the requirements of section 657.[4] (*LaManna* v. *Stewart,* 13 Cal.3d 413, 423 [118 Cal.Rptr. 761, 530 P.2d 1073], original italics; *Oberstein* v. *Bisset,* 55 Cal.App.3d 184, 188 [127 Cal.Rptr. 413].) The procedural steps specified in the statute are "mandatory and must be strictly followed." (*Mercer* v. *Perez,* 68 Cal.2d 104, 118 [65 Cal.Rptr. 315, 436 P.2d 315]; *LaManna* v. *Stewart, supra,* 13 Cal.3d 413, 422-423.)

■ In the instant case the court's ruling granting the new trial was entered in its minutes on July 31; some 14 days later the judge entered a signed order granting the new trial and within 10 days thereafter he filed a written specification of reasons. The question arises whether the order granting new trial became effective upon entry of the minute order or on the date of entry of the signed order. If entry of the minute order was the effective date, the signed order and the specification of reasons filed six days later must be disregarded because they would not have been filed within the statutory ten-day period. The filing of a purported specification of reasons after the 10-day period is an act in excess of the trial court's jurisdiction and is, therefore, void. (*Mercer* v. *Perez, supra,* 68 Cal.2d 104, 121.) For the reasons to be stated, it is our conclusion that the order granting the new trial became effective on entry of the minute order.

Section 657 provides that the order "passing upon and determining the motion must be made and entered as provided in Section 660. . . ." Section 660 provides in pertinent part: "A motion for a new trial is not determined within the meaning of this section until an order ruling on

---

[3]All statutory references are to the Code of Civil Procedure.

[4]Section 657 provides in pertinent part: "The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. The court shall not direct the attorney for a party to prepare either or both said order and said specification of reasons."

the motion (1) is entered in the permanent minutes of the court or (2) is signed by the judge and filed with the clerk. The entry of a new trial order in the permanent minutes of the court shall constitute a determination of the motion *even though such minute order as entered expressly directs that a written order be prepared, signed and filed.* The minute entry shall in all cases show the date on which the order actually is entered in the permanent minutes, but failure to comply with this direction shall not impair the validity or effectiveness of the order." (Italics supplied.) Thus the entry of the minute order of July 31 constituted the determination of the new trial motion and triggered the commencement of the 10-day period prescribed by section 657 within which specification of reasons must be signed and filed. Even if the concluding phrase in the minute order reading "Counsel to prepare any necessary findings, etc." could be construed as a direction to prepare a written order to be signed by the judge, in view of the express language of section 660 the effective date of the new trial order was not deferred to the date the signed order was entered.

The validity of the new trial order insofar as the grounds of insufficiency of the evidence and inadequacy of damages must thus be tested by the terms of the minute order.

The same test governing the sufficiency of specification of reasons for insufficiency of the evidence applies to an order grounded on inadequate or excessive damages. (*Stevens* v. *Parke, Davis & Co.,* 9 Cal.3d 51, 61 [107 Cal.Rptr. 45, 507 P.2d 653]; *Oberstein* v. *Bisset, supra,* 55 Cal.App.3d 184, 187.) ■ The specification "must briefly identify the portion of the record which convinces the judge 'that the court or jury clearly should have reached a different verdict or decision.' " (*Mercer* v. *Perez, supra,* 68 Cal.2d 104, 116.) Here, the only reference to damages is the statement that "the jury verdict amount leads the Court to conclude it was arrived at as a result of a compromise and for that reason the jury may not have given adequate decision as to the liability as to this defendant." The statement does not directly say that the award was inadequate much less tell us why; we can only infer that the judge was of the view that the size of the award indicated a compromise verdict. Manifestly, the minute order did not set forth adequate specification of reasons for granting a new trial on the ground of inadequate damages. (*Oberstein* v. *Bisset, supra,* 55 Cal.App.3d 184, 187.)

■ As to the ground of insufficiency of the evidence to justify the verdict, the reasons given by the judge may have been adequate had a

motion for new trial been made by the defendant. (See *Meiner* v. *Ford Motor Co.,* 17 Cal.App.3d 127 [94 Cal.Rptr. 702].) Defendant, however, did not move for a new trial; he was apparently satisfied to let the verdict stand rather than to seek and obtain a new trial and thereby expose himself to the possible risk of a higher verdict. Defendant cannot be forced to such exposure simply because the judge may have been of the view that the evidence was insufficient to establish liability. "The new trial procedure is statutory, and the court has no inherent power to grant a new trial of its own motion for any of the grounds stated in C.C.P. 657. An application by the *aggrieved* party is essential." (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 45, p. 3621, italics supplied.)

For the foregoing reasons the order granting new trial cannot be supported on the grounds of insufficiency of the evidence or inadequacy of damages.

Plaintiff urges that the order should nevertheless be affirmed because it is sustainable upon other grounds stated in the motion.[5] However, we need not address the other grounds because, as we explain below, we have determined that plaintiff must prevail on its protective cross-appeal from the judgment.

### THE CROSS-APPEAL

The primary thrust of plaintiff's protective cross-appeal from the judgment is that given the finding of liability, the damages awarded were inadequate as a matter of law and that the judgment must, therefore, be reversed.[6] We agree.

---

[5]Section 657 provides in pertinent part: "On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon *any ground stated in the motion, whether or not specified in the order or specification of reasons,* except that (a) the order shall not be affirmed upon the ground of the insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive or inadequate damages, unless such ground is stated in the order granting the motion and (b) on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive or inadequate damages, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons." (Italics supplied.)

[6]The order granting a new trial cannot be sustained on this ground inasmuch as the motion failed to include the ground that "the verdict or other decision is against law." (§ 657, subd. 6.)

■ While as a general rule the factfinders are the final judges of the extent of damages suffered by a plaintiff in a tort action, the rule is not of universal application. The uncontradicted evidence may demonstrate that the damages awarded are so inadequate as to justify appellate intervention. (*Clifford* v. *Ruocco*, 39 Cal.2d 327, 329 [246 P.2d 651]; *Buniger* v. *Buniger*, 249 Cal.App.2d 50, 54-55 [57 Cal.Rptr. 1]. See *Capelouto* v. *Kaiser Foundation Hospitals*, 7 Cal.3d 889, 893 [103 Cal.Rptr. 856, 500 P.2d 880] [failure to compensate for pain and suffering]; *Davis* v. *Superior Court*, 25 Cal.App.3d 596, 601 [102 Cal.Rptr. 238] [award of nominal damages]; *Haskins* v. *Holmes*, 252 Cal.App.2d 580, 587 [60 Cal.Rptr. 659] [award of nominal damages].) In such cases, the award has been held to be insufficient as a matter of law and to warrant reversal of the judgment. (*Clifford* v. *Ruocco*, *supra*, 39 Cal.2d 327, 329.)

In the case at bench the uncontradicted evidence bearing on the issue of damages is as follows: At the time of her death, Cynthia Smith was 20 and plaintiff 1½. Cynthia had been separated from her husband for approximately five months prior to her death and was residing with her parents. Her husband died before the trial of the instant action. Cynthia was thus the sole support of the child. Following her separation from her husband, she had been steadily employed and had been making contributions to her parents for board and room for herself and the child. The relationship between mother and child was warm and affectionate. At the time of her death, Cynthia was on a pregnancy leave from her employment. The uncontradicted testimony of plaintiff's economist was that based on the mother's age, earning capacity and experience the present value of the economic loss which would be sustained by plaintiff from the date of his mother's death until he attained the age of 18 was $168,000. Deducting the funeral expenses of $969.33 from the $5,000 jury verdict leaves the sum of $4,030.66 for general damages.

In light of the current purchasing power of the dollar, the award was so grossly disproportionate to the economic loss sustained by the child, not to mention the loss of the society and comfort of his mother, that it must be held to be inadequate as a matter of law. The judgment must, therefore, be reversed.

The question remains whether the judgment should be reversed in its entirety or on the damage issue alone as requested by plaintiff. ■ Although a retrial may be limited to damages where the evidence of liability is overwhelming, where as here the evidence on

liability is in sharp conflict and the award is manifestly so inadequate as to suggest a compromise verdict, the case should be remanded for retrial on all issues. (*Hamasaki* v. *Flotho,* 39 Cal.2d 602, 606-607 [248 P.2d 910]; *Clifford* v. *Ruocco, supra,* 39 Cal.2d 327, 329.)

## DISPOSITION

On defendant's appeal, the order granting a new trial is reversed. On plaintiff's cross-appeal, the judgment is reversed. Each party shall bear his own costs on appeal.

Gardner, P. J., and McDaniel, J., concurred.