[Civ. No. 56625. Second Dist., Div. One. July 7, 1980.]

MARIA ELENA SANCHEZ, Plaintiff and Respondent, v.
LAURIE FRANCES HASENCAMP et al.,
Defendants and Appellants.

**COUNSEL**

Hast & Sabatasse, Horvitz, Greines & Poster, Horvitz & Greines, Patrick Hast, Marc J. Poster, Irving H. Greines and Alan G. Martin for Defendants and Appellants.

Edwards, Edwards, Ashton & Flanagan, Edwards, Edwards & Ashton, Mark U. Edwards, Debbie Mochizuki and David L. Gernsbacher for Plaintiff and Respondent.

**OPINION**

NEWMAN (J. M.), J.*—Defendants appeal from an order granting plaintiff and respondent's motion for a new trial on the issue of damages conditioned upon defendants' consent to the addition of $7,000 to

*Assigned by the Chairperson of the Judicial Council.

the judgment. Plaintiff Maria Sanchez was injured in a collision with an automobile driven by defendant Laurie Hasencamp and owned by her mother June Hasencamp on December 19, 1975. Liability was conceded; the jury awarded damages to plaintiff in the sum of $4,060.75.

## CONTENTIONS

Appellants contend the trial court's new trial order should be reversed because it fails adequately to specify reasons for the order, and because it is unsupported by any substantial basis in the record and is, therefore, an abuse of discretion. The challenged order of the trial court is set forth in the margin.[1]

## DISCUSSION

Code of Civil Procedure section 657 provides that a new trial may be granted for various enumerated grounds including "[e]xcessive or inadequate damages [and] [i]nsufficiency of the evidence to justify the verdict. . . . When a new trial is granted, on all or part of the issues, the

[1]The order states: "In this matter heretofore submitted, the Court now rules as follows: Plaintiff's motion for a new trial is hereby granted on the grounds of insufficiency of the evidence to justify the verdict and inadequate damages; the Court finds that an order granting a new trial limited to the issue of damages would be proper, and pursuant to such finding the Court orders that the new trial shall be limited to the issue of damages only. However, if defendants on or before February 21, 1978, by an instrument in writing filed with the Clerk of this Court, consent to the addition of $7,000.00 to the judgment heretofore entered on the jury verdict in favor of plaintiff and against defendants, and each of them, then and in that event the plaintiff's motion for a new trial shall be deemed denied.

"The specification of reasons for the granting of said motion is as follows: Liability of the defendants to plaintiff was established. In determining the amount of damages to be awarded to the plaintiff for the admitted negligence of defendant driver, the jury made an award which failed to compensate plaintiff *reasonably* [see BAJI 14.00 (1975 Revision)] for medical, hospital and nursing care, services and supplies reasonably required and actually given in the treatment of the plaintiff and the present cash value of the reasonable value of similar items reasonably certain to be required and given in the future, and for the reasonable value of working time lost by plaintiff, or to provide plaintiff reasonable compensation for her pain and suffering, in light of the testimony of the plaintiff, Dr. Hofmann, Mr. Baker and Mrs. Bissell, as to the extent of plaintiff's medical expense (both past and future), lost earnings and impairment of earning capacity, and pain and suffering. Even considering certain negative aspects of plaintiff's case which were brought out by the most skillful defense counsel this Court has ever seen perform, it is clear from the evidence adduced at the trial that the sum of $4,060.75 does *not* constitute fair and adequate reimbursement to the plaintiff for her pecuniary loss sustained as a proximate result of the negligence of Miss Hasencamp. 'It is the trial judge's duty to set aside the jury's verdict whenever his conscience is impressed with the injustice thereof.' *Moore* v. *City & County of San Francisco* (1970) 5 C. A. 3d 728, 738. Such is the case at bar."

court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated." Section 657 further provides: "[O]n appeal from an order granting a new trial...upon the ground of insufficiency of the evidence to justify the verdict...or upon the ground of excessive or inadequate damages, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons."

I

■ Examination of the court's order granting a new trial demonstrates that it was based on the sole ground that the damages were inadequate. We, therefore, deem it unnecessary "to treat it as having granted the new trial on the additional ground of '[i]nsufficiency of the evidence to justify the verdict' as specified in subdivision 6 of section 657. A finding that the damages were [inadequate] necessarily implies that the evidence did not [support the verdict.] [Citations omitted.]" (*Stevens* v. *Parke, Davis & Co.* (1973) 9 Cal.3d 51, 59-60, fn. 10 [107 Cal.Rptr. 45, 507 P.2d 653].)

II

■ The reasons specified by the trial court in its order (that damages were inadequate) were that (1) the cost of past and future medical, hospital and nursing care, services and supplies; (2) lost earnings and impairment of future earning capacity; and (3) pain and suffering were not compensated for in a reasonable amount by the jury verdict of $4,060.75. Appellants claim that the specification of reasons is inadequate because in its parts and as a whole it is but a statement of ultimate facts.

■ The rule set forth in *Mercer* v. *Perez* (1968) 68 Cal.2d 104, at page 115 [65 Cal.Rptr. 315, 436 P.2d 315], and its progeny, is that the statute "should be given a reasonable and practical construction. [Citation] To avoid overtaxing our already burdened trial courts, it will be sufficient if the judge who grants a new trial furnishes a concise but clear statement of the reasons why he finds one or more of the grounds of the motion to be applicable to the case before him. No hard and fast

rule can be laid down as to the content of such a specification, and it will necessarily vary according to the facts and circumstances of each case."

"In *Mercer* v. *Perez, supra,* the California Supreme Court 'explained that the requirement of a specification of reasons served the two-fold purpose of encouraging careful deliberation by the trial court before ruling on a motion for a new trial, and of making a record sufficiently precise to permit meaningful appellate review.' (*Scala* v. *Jerry Witt & Sons, Inc., supra,* 3 Cal.3d at p. 363 [90 Cal.Rptr. 592, 475 P.2d 864]; see *Mercer* v. *Perez, supra,* 68 Cal.2d at pp. 112-115; see also *Dizon* v. *Pope* (1974) 44 Cal.App.3d 146, 148 [118 Cal.Rptr. 465].) [Fn. omitted]. A specification of reasons, phrased in terms of 'ultimate fact,' fails to comply with section 657 of the Code of Civil Procedure (*Scala* v. *Jerry Witt & Sons, Inc., supra,* 3 Cal.3d 359, 370). The trial court's 'reason' must do more than simply reiterate the ground of the ruling itself. (*Scala* v. *Jerry Witt & Sons, Inc., supra,* 3 Cal.3d at pp. 367-370.) In specifying its reasons for granting the motion for a new trial, the trial court must briefly identify the portion of the record which convinces the court that the jury clearly should have reached a different verdict. (*Scala* v. *Jerry Witt & Sons, Inc., supra,* 3 Cal.3d at p. 367; *Mercer* v. *Perez, supra,* 68 Cal.2d 104, 116; *Oberstein* v. *Bisset* (1976) 55 Cal. App.3d 184, 187 [127 Cal.Rptr. 413].) Where the specification of reasons in the order granting a new trial is inadequate to comply with the mandate of section 657 of the Code of Civil Procedure, as construed in *Mercer* v. *Perez, supra,* 68 Cal.2d 104, the new trial order must be reversed, and the judgment must be automatically reinstated (see *Scala* v. *Jerry Witt & Sons, Inc., supra,* 3 Cal.3d 359; *Oberstein* v. *Bisset, supra,* 55 Cal.App.3d 184, 190). Where the trial court's specification of reasons adequately complies with the requirements of section 657, the court's new trial order will be upheld on appeal if there is any substantial evidence in the record to support the specified reasons (See *Dizon* v. *Pope, supra,* 44 Cal.App.3d 146, 148)." (*Widener* v. *Pacific Gas & Electric Co.* (1977) 75 Cal.App.3d 415, 437-438 [142 Cal.Rptr. 304].)

The portions of the record referred to by the trial court in its order contain the "testimony of the plaintiff, Dr. Hofmann, Mr. Baker and Mrs. Bissell, as to the extent of plaintiff's medical expense (both past and future), lost earnings and impairment of earning capacity, and pain and suffering." Appellants complain that this reference is inadequate to provide a reviewing court with sufficiently specific portions of the rec-

ord on which to focus its attention. Clearly, more is required than a reiteration of the ground of the ruling, but "'the trial judge is not necessarily required to cite page and line of the record, or discuss the testimony of particular witnesses,' nor need he undertake 'a discussion of the weight to be given, and the inferences to be drawn from each item of evidence supporting, or impeaching the judgment.' [Citation]" (*Scala v. Jerry Witt & Sons, Inc., supra*, 3 Cal.3d at p. 370.)

## III

■ Although appellants contend that the trial court's reasons are only ultimate facts, it requires no particular intellectual acuity to note that the damages deemed inadequate pertain to specific categories clearly articulated: past and future medical expenses; lost earnings and loss of earning capacity; and pain and suffering. To say that damages are inadequate or insufficient or unreasonable without more is to state an ultimate fact. This the trial court has not done.

The specification in the order at issue does not suffer from the infirmities of the order granting a new trial for excessive damages in *McLaughlin v. City etc. of San Francisco* (1968) 264 Cal.App.2d 310 [70 Cal.Rptr. 782]. In that case, the trial court stated that plaintiff failed to prove "total damages, both general and special...[in excess of $5,117.50....]" The court's only stated reason for granting a new trial was that evidence was insufficient on the issue of damages, which was held to be a statement of the ground. In the case at bench, however, three specific categories of damages are identified. Compensation awarded as to each was deemed unreasonable by the trial court. By making its order conditional on the addition of $7,000, the trial court has indicated the extent to which it regards the jury award as unreasonable. This portion of the order complies with the requirements of section 657 as they are construed in *Mercer v. Perez, supra*, 68 Cal.2d 104, and its progeny. (See *Stevens v. Parke, Davis & Co., supra*, 9 Cal.3d at p. 62).

■ We turn now to that part of the challenged order identifying the portions of the record relied upon by the trial court. Section 657 enjoins a trial court not to grant a new trial on the ground of excessive or inadequate damages, "unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a different

verdict or decision." Does the trial court's specification of reasons direct appellants and the reviewing court to "the portion of the record which convinces the judge 'that the court or jury should have reached a different verdict or decision'"? (*Mercer* v. *Perez, supra*, 68 Cal.2d 104, 116.) We believe that it does.

Plaintiff's testimony presents evidence of her physical and emotional condition before the collision, including her work history and the nature of her relationship with her family. She described her physical complaints both before and after the accident. Her testimony encompasses the complaints of pain and discomfort she suffered at the time of, immediately after, and for an extended period of time subsequent to the accident.

Plaintiff's testimony and that of Mr. Baker and Mrs. Bissell provide evidence of the kind of work she performed, both as a domestic and as a seamstress, her earnings and her manner in and attitude toward performing her work before and after the accident. Plaintiff's testimony provides evidence of the amount of work she did at home prior and subsequent to the accident and her perceived inability to work both professionally and at home because of pain and discomfort after the accident.

Dr. Hofmann's testimony provides evidence that plaintiff's continuing complaints have a psychological source proximately caused by the accident, and that treatment will be required to alleviate her complaints. Dr. Hofmann's testimony also provides evidence of the reasonable value of medical treatment received by plaintiff as a result of the accident.

Appellants and the reviewing court are directed to testimony of witnesses which bears directly on the issues raised in the trial court's specification of reasons. Speculation about what the trial court had in mind is not required. There is no need to rummage through the entire record seeking evidence on which the trial court may have relied. The opportunity for meaningful appellate review is afforded and has been accomplished.

■ We note in passing that appellants complain that the trial court's specification of reasons is also inadequate because it fails to address each theory on which the verdict can be sustained. This contention is devoid of merit, first because the authority on which it is predicated

is inapposite when the ground for granting a motion for new trial is excessive or inadequate damages (*Kolar* v. *County of Los Angeles* (1976) 54 Cal.App.3d 873, 879 [127 Cal.Rptr. 15]); and second, because the issues of proximate causation of plaintiff's injuries, both physical and psychological, and the reasonableness of her past medical expense are indeed addressed in the specification of reasons by the trial court's reference to plaintiff's "pecuniary loss sustained as a proximate result of the negligence of Miss Hasencamp."

## IV

Appellants' final contention is that the new trial order should be reversed because the trial court's specification of reasons has no substantial basis in the record. Appellants direct their primary assault at the testimony of Dr. Hofmann, asserting that it was so defective that it cannot be considered as a substantial basis for a new trial order and that without his testimony plaintiff has no case. In sum, Dr. Hofmann conducted a psychiatric examination of plaintiff, not a physical examination; neither prior to nor at the time of that examination had he viewed her medical records; however, he did so before testifying. He diagnosed "agitated depression" consequent to the injuries received in the automobile collision and prescribed electroconvulsive therapy. Dr. Anselen, a psychiatrist, examined plaintiff both neurologically and psychiatrically on behalf of appellants and reviewed her medical records. He concluded she suffered from no physical or psychological problem due to the collision and attacked Dr. Hofmann's examination and diagnosis and recommendations for further treatment. Yet this same witness on whom appellants rely for so much of their attack on Dr. Hofmann's testimony allegedly spent no more than 15 minutes examining plaintiff, according to both plaintiff and her daughter, who accompanied plaintiff to the examination. Indeed, in his own testimony, he acknowledged not actually performing certain of the tests referred to in his medical report.

The circumstances are typical—conflicting evidence presented to the trier of fact. The jury returned what the trial judge regarded as an inadequate verdict.

Thus, while appellants may argue there is no evidence substantial enough to warrant granting an order for a new trial, the record adverted to by the trial court reveals the contrary to be true.

The correctness of the trial court's order is presumed. Abuse of discretion must be manifest and unmistakable and will be found only if it plainly appears that the trial court's reasons are without any substantial support in the record (*Neal v. Farmers Ins. Exchange* (1978) 21 Cal.3d 910, 932-33 [148 Cal.Rptr. 389, 582 P.2d 980]; *Jiminez v. Sears, Roebuck & Co.* (1971) 4 Cal.3d 379, 387 [93 Cal.Rptr. 769, 482 P.2d 681].) In ruling on a motion for a new trial, the trial court is an independent trier of fact. "[T]he trial court may disbelieve witnesses, reweigh evidence and draw reasonable inferences that are contrary to those drawn by the jury." (*Widener v. Pacific Gas & Electric Co., supra,* 75 Cal.App.3d at p. 443.)[2] The requirement that an abuse of discretion be manifest and unmistakable "is particularly true when the discretion is exercised in favor of awarding a new trial, for this action does not finally dispose of the matter. So long as a reasonable or even fairly debatable justification under the law is shown for the order granting the new trial, the order will not be set aside. [Citations.]" (*Jiminez v. Sears, Roebuck & Co., supra,* 4 Cal.3d at p. 387.)

The conditional order granting a new trial is affirmed.

Jefferson (Bernard), Acting P. J.,* and Hanson (Thaxton), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 3, 1980.

---

[2]The rule of section 657 that an order granting a new trial shall be reversed only if there is no substantial basis in the record for the reasons stated by the court in its order or specifications is applicable as well when the court grants a conditional order under Code of Civil Procedure section 662.5. (*Neal v. Farmers Ins. Exchange, supra,* 21 Cal.3d at p. 933, fn. 18.)

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.