[Civ. No. 14299. Third Dist. June 2, 1975.]

CAROLEE DIANE KRUEGER, Plaintiff and Respondent, v.
JOHN MEYER et al., Defendants and Appellants.

**Counsel**

Barrett, Newlan & Minoletti, Barrett, Newlan, Minoletti & Matheny, Peter Slaughter and Claude W. Vanderwold for Defendants and Appellants.

William W. Coshow for Plaintiff and Respondent.

## OPINION

**EVANS, J.—** ■  In this action for damages for personal injuries, defendants appeal from an order granting plaintiff a new trial on the issue of damages.

Plaintiff was injured in a one-car automobile accident while riding as a passenger in a vehicle owned by defendants John Meyer and Verna Meyer, driven by their daughter Cheryl. As a result of the accident, plaintiff suffered a compression fracture of the fifth thoracic vertebra, scalp lacerations, and a cut hip. Evidence of her medical expense in the amount of $1,395.67 was not disputed. The matter was submitted to a jury which returned a verdict for plaintiff in the amount of $1,600. After entry of judgment on the verdict, plaintiff filed her motion for new trial on the specific ground that the jury award of damages was inadequate. (Code Civ. Proc., § 657, subd. 5.)

On July 16, plaintiff's motion was heard by the court, and on July 19, the following order was made: "Pursuant to the provisions of C.C.P. Section 657 and 657(5), the court grants the plaintiff's motion for a new trial on the issue of damages on the grounds that inadequate damages were awarded to plaintiff. The issues at the new trial hereby granted shall be limited to the amount of damages to be awarded plaintiff, which damages will not in any event be allowed to exceed the sum of $15,000." No subsequent specification of reasons was filed by the trial court as required by section 657 of the Code of Civil Procedure.

The order appealed from must be reversed.

■  In construing the 1965 amendments to section 657 of the Code of Civil Procedure, the Supreme Court in *Mercer* v. *Perez* (1968) 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315], determined that the Legislature had two basic motives in requiring specification of reasons for the granting of new trials: (1) to promote judicial deliberation prior to judicial action, and (2) to make the right of review more meaningful. As the court stated at page 113, "Accordingly, one of the functions of the requirement of specification of reasons is to promote judicial deliberation before judicial action, and thereby 'discourage hasty or ill-considered orders for new trial.' (Review of Selected 1965 Code Legislation (Cont. Ed. Bar), p. 81.) This objective is furthered, it bears emphasizing, by the change in the law which now forbids the judge from shifting to the attorney for the

prevailing party the duty to prepare either the statement of grounds or the specification of reasons." The court further stated at pages 115 and 116, "And to give full effect to the new scope of review provided in the fourth paragraph of the 1965 amendments, . . . we hold that if the ground relied upon is 'insufficiency of the evidence' the judge must briefly recite the respects in which he finds the evidence to be legally inadequate; no other construction is consonant with the conclusive presumption on appeal that the order was made 'only for the reasons specified.' "

■ Any doubt about the intent of the Legislature that specification of reasons is mandatory, and failure to comply with the explicit terms of the code is reversible error, was removed by the Supreme Court in *Stevens* v. *Parke, Davis & Co.* (1973) 9 Cal.3d 51 [107 Cal.Rptr. 45, 507 P.2d 653]. The court there was called upon to consider a new trial ordered on the ground of excessive damages. After reviewing the language of section 657 of the Code of Civil Procedure, the court at pages 60-61 stated:

"We have said that '[n]o hard and fast rule can be laid down as to the content of such a specification, and it will necessarily vary according to the facts and circumstances of each case.' (*Mercer* v. *Perez* (1968) 68 Cal.2d 104, 115 [65 Cal.Rptr. 315, 436 P.2d 315].) However, we have emphasized on several occasions that if the ground relied upon is 'insufficiency of evidence,' the trial judge's specification of reasons 'must briefly identify the portion of the record which convinces the judge "that the court or jury clearly should have reached a different verdict or decision." ' [Citations.]

". . . . . . . . . . . . . . . .

"In *Scala* and *Miller* [*Scala* v. *Jerry Witt & Sons, Inc.* (1970) 3 Cal.3d 359 (90 Cal.Rptr. 592, 475 P.2d 864); *Miller* v. *Los Angeles County Flood Control Dist.* (1973) 8 Cal.3d 689 (106 Cal.Rptr. 1, 505 P.2d 193)] we struck down new trial orders that, although purporting to specify reasons to support the ground of insufficiency of the evidence, were phrased in terms of ultimate facts and thus merely restated the grounds of the orders. As we stated in *Scala:* '[A] specification which merely recites that under the court's view of the evidence "the defendant was not negligent" or "the plaintiff was negligent" is of little if any assistance to the appellant or to the reviewing court.' [Citation.]

"After reviewing the aforementioned cases in light of the language of section 657, we are of the opinion that the same rules that apply to a specification of reasons in respect to the ground of insufficiency of the evidence should apply to a specification of reasons *in respect to the ground of excessive or inadequate damages.* Indeed, to state that the damages awarded by the jury are excessive is simply one way of saying that the evidence does not justify the amount of the award. (*Doolin* v. *Omnibus Cable Co.* (1899) 125 Cal. 141, 144 . . . .) The same statutory test applies in determining whether a new trial should be granted either on the ground of *excessive or inadequate damages,* or on the ground of insufficiency of the evidence." (Fns. omitted.) (Italics added.)

In applying the rules enunciated in *Stevens* to the instant case, we note that the new trial order makes no pretense of specifying reasons upon which the judge based his decision to grant the plaintiff's motion. The trial court did not thereafter prepare, sign, or file a specification of reasons as required by section 657. The statement "that inadequate damages were awarded to plaintiff" is, as in *Scala* and *Mercer, supra,* merely a statement of ultimate facts that does not go beyond a statement of the ground of the court's decision. It fails to indicate in any respect the evidence that dictates a more sizeable verdict and fails to refer to any portion of the record that would tend to support the ruling.

In *LaManna* v. *Stewart* (1975) 13 Cal.3d 413 [118 Cal.Rptr. 761, 530 P.2d 1073], the court in reversing a new trial order held that section 657 of the Code of Civil Procedure specified three mandatory and jurisdictional requirements: (1) the specification of reasons must be in writing, and an oral recital of the trial court's reasons for granting a new trial cannot amount to compliance in any degree, substantial or otherwise, with this directive; (2) the requirement of section 657 that if an order granting a new trial does not contain a specification of reasons, such a specification must be filed within 10 days of the order is, in essence, a statute of limitations; and, as such, its operation does not depend upon any showing of prejudice; (3) no act of counsel or a party can cure the trial court's failure to comply with the requirement of section 657; the court itself must prepare the specification of reasons for granting a new trial. The final responsibility for compliance rests upon the trial judge.

An order which recites without further specification "that inadequate damages were awarded to plaintiff" cannot be sustained in the absence of a timely filing of specification of reasons. Accordingly, the order

appealed from is reversed and the previous judgment of the trial court reinstated.

Regan, Acting P. J., and Paras, J., concurred.