[Civ. No. 45510. First Dist., Div. Four. Aug. 4, 1980.]

CARL WILSON, Plaintiff and Appellant, v.
R. D. WERNER COMPANY, INC., Defendant and Appellant.

COUNSEL

J. Michael Brown for Plaintiff and Appellant.

Clark L. Deichler and E. Elizabeth Summers for Defendant and Appellant.

OPINION

**CHRISTIAN, J.**—Defendant R. D. Werner Company, Inc., appeals from an order granting a motion by plaintiff Carl Wilson for new trial on the issue of damages in this action for personal injuries suffered in a fall involving a metal ladder manufactured by the Werner company. Wilson has taken a precautionary cross-appeal from the judgment.

Wilson (hereinafter respondent) sustained fractures of his right elbow and both wrists when a 24-foot aluminum extension ladder, on which he was standing and painting, moved or twisted and then slid and fell from the building against which it was placed. The ladder was manufactured by the Werner Company (hereinafter appellant).

Respondent underwent surgery to remove a bone fragment from his elbow and to reattach certain muscles. The right wrist fracture required insertion of wires to hold fragments of bone in place. Both of respondent's arms were placed in casts from his fingers to his shoulders. He was hospitalized for 10 days. X-rays taken several weeks before trial revealed narrowing of the joint spaces in both wrists. Respondent has suffered substantial and permanent impairment of function as a result of his injuries.

The jury awarded respondent damages in the sum of $10,000. The trial court granted a new trial limited to the damages issue, on the ground that the jury's damages award was inadequate. Pursuant to Code of Civil Procedure section 657, the court rendered a specification of its grounds and reasons for granting the limited new trial. Appellant contends that the court's specification of reasons was inadequate. (See *Mercer* v. *Perez* (1968) 68 Cal.2d 104, 118-124 [65 Cal.Rptr. 315, 436 P.2d 315].)

■ A specification of reasons for granting a new trial must contain more than statements of ultimate facts. (*Scala* v. *Jerry Witt & Sons, Inc.* (1970) 3 Cal.3d 359, 369-370 [90 Cal.Rptr. 592, 475 P.2d 864].) If the ground for the limited new trial is inadequacy of damages, the specification must briefly identify the portion of the record which convinces the court that the damages awarded by the jury were inadequate. (*Stevens* v. *Parke, Davis & Co.* (1973) 9 Cal.3d 51, 60-62 [107 Cal. Rptr. 45, 507 P.2d 653, 94 A.L.R.3d 1059]; *Krueger* v. *Meyer* (1975) 48 Cal.App.3d 760, 763-764 [121 Cal.Rptr. 814].)

The trial court's specification stated the following reasons for awarding a limited new trial on the issue of damages: "The court finds that the jury failed to properly assess damages. The evidence established that the plaintiff suffered in addition to cuts and bruises, fractures of both the right and left wrists and a fracture of the right elbow. The fractures of the wrists required that metal pins be inserted into the bones to realign the fragments of bone. The fracture of the elbow required surgery to remove a portion of bone and to reattach muscles to the bone. As a result of the injuries, the plaintiff was unable to engage in gainful employment for a substantial period of time. The workers' compensation carrier paid a total of $16,329.23 in workers' compensation benefits, including medical expenses of $2,830.10. It is the opinion and finding of the court that the jury neither properly comprehended nor properly evaluated the nature of the injuries and the damages incurred by the plaintiff and that the damages found by the jury are manifestly inadequate. The court has, therefore, ordered a new trial be held limited to the issue of damages only."

The only specific damages to which the court's statement referred were respondent's medical expenses of $2,830 and his inability "to engage in gainful employment for a substantial period of time." The latter refers only to the period of time during which respondent was unable to work at all. It was uncontroverted that respondent was unable to do any work for approximately 18 months and had been earning around $450 per month from painting and from cleaning apartments in the complex that he and his wife managed. The damages from this loss of earning capacity, approximately $8,100, plus respondent's uncontroverted medical expenses of $2,830, total $10,930—$930 more than the jury's award.

Respondent also sought damages for pain and suffering and for past and future inability to work as a painter after returning to other gainful

employment, which inability appellant contested. The court's references to respondent's medical expenses and his period of unemployment did not help to specify whether the court was convinced that the damages award was inadequate because of the evidence of pain and suffering or because of the evidence of inability to work as a painter. The specification of reasons did not mention the period of time after which respondent was able to return to other gainful employment, and while it did discuss respondent's injuries it linked them only to respondent's period of unemployment and not to any pain and suffering. (Cf. *Dizon* v. *Pope* (1974) 44 Cal.App.3d 146, 148-149 [118 Cal.Rptr. 465]; cf. *Galindo* v. *Partenreederei M.S. Parma* (1974) 43 Cal.App.3d 294, 299-302 [117 Cal.Rptr. 638].)

The court's specification also stated: "The workers' compensation carrier paid a total of $16,329.23 in workers' compensation benefits, including medical expenses of $2,830.10." Appellant contends that the court could not properly state this fact as a basis for ordering a limited new trial because, although the parties had stipulated to the amount of the workers' compensation benefits out of the presence of the jury. this amount was not in evidence before the trier of fact.

■ Code of Civil Procedure section 657 provides: "A new trial shall not be granted... upon the ground of excessive or inadequate damages, unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a different verdict or decision." Appellant argues that the reference to consideration of "the entire record" should be construed as directing the court to consider only the evidence before the trier of fact, because the issue addressed by the statute is whether the trier of fact erred in handling the evidence before it. This contention is sound. Although section 657 directs the court both to weigh the evidence and to consider "the entire record," the function of the judge is to determine whether *the "jury* clearly should have reached a different verdict...." (Code Civ. Proc., § 657; italics added.) Thus there is no basis for inferring a legislative intent to authorize the court to grant a new trial on considering evidence which, though it was in the record, was not before the trier of fact.

■ The court's specification of reasons for granting a new trial limited to the issue of damages leaves it open to speculation whether the court believed that the jury improperly omitted to compensate respondent for pain and suffering or for loss of ability to work as a painter.

The specification does not indicate to appellant "which aspect of the trial to defend." (*Mercer* v. *Perez, supra,* 68 Cal.2d at p. 113.) The order granting new trial on the issue of damages must therefore be reversed.

Respondent has taken a precautionary cross-appeal from the judgment on the jury verdict (cf. *Miller* v. *Los Angeles County Flood Control Dist.* (1973) 8 Cal.3d 689, 699 [106 Cal.Rptr. 1, 505 P.2d 193]), contending that in the event this court reverses the trial court's order granting a limited new trial the judgment on the jury verdict should be reversed for inadequacy of damages and the cause remanded for a new trial on damages only.

■ The record contains evidence demonstrating that, given the finding of liability, the damages awarded to respondent were inadequate as a matter of law. Respondent's uncontradicted medical expenses and damages from loss of earning capacity for the period during which he was unable to engage in any gainful employment totaled $10,930. The jury could reasonably have determined that after respondent resumed employment the claimed inability to work as a painter had ceased. Respondent testified on cross-examination that he had painted with his left hand prior to the accident, was ambidextrous, could presently paint left-handed, and no longer painted because he was too involved in his work as an apartment manager. The evidence of his pain and suffering, however, was uncontroverted. Respondent required surgery and physical therapy, his arms were immobilized in casts for about three months, he suffered continued pain and numbness in his arms, he suffered interrupted sleep, and he was forced to curtail his recreational activities. The jury's award of $10,000, which approximately compensated respondent for his medical expenses and temporary loss of income due to inability to engage in gainful employment, failed to compensate him at all for his pain and suffering, and thus was inadequate as a matter of law. (*Smith* v. *Moffat* (1977) 73 Cal.App.3d 86, 94 [140 Cal.Rptr. 566]; see *Capelouto* v. *Kaiser Foundation Hospitals* (1972) 7 Cal.3d 889, 893 [103 Cal.Rptr. 856, 500 P.2d 880].)

■ The judgment, however, must be reversed in its entirety. "Although a retrial may be limited to damages where the evidence of liability is overwhelming, where...the evidence on liability is in sharp conflict and the award is manifestly so inadequate as to suggest a compromise verdict, the case should be remanded for retrial on all issues." (*Smith* v. *Moffat, supra,* 73 Cal.App.3d at pp. 94-95, citing *Hamasaki* v. *Flotho* (1952) 39 Cal.2d 602, 606-607 [248 P.2d 910], and *Clifford*

v. *Ruocco* (1952) 39 Cal.2d 327, 329 [246 P.2d 651].) The parties' expert witnesses offered sharply conflicting testimony as to whether the ladder manufactured by appellant was defective. Respondent's expert testified that the accident occurred because the end space of the ladder was too long, causing weakness and instability, and because the caps at the end of the ladder were made from a material that did not create enough friction to prevent slipping. Appellant's expert, however, testified that any decrease in stability caused by the length of the end spaces "would be very difficult to measure," that the lesser amount of friction from the end caps did not amount to a defective design, that the ladder was safe, and that the ladder contained no defect that caused or contributed to respondent's fall. The conflicting evidence of liability, the clear inadequacy of the damages award, and the additional fact that the jury returned a nine-to-three verdict (see *Leipert* v. *Honold* (1952) 39 Cal.2d 462, 470 [247 P.2d 324, 29 A.L.R.2d 1185]), all indicate that the jury verdict was probably the result of a compromise on the liability issue, requiring a new trial on all issues. (*Smith* v. *Moffat, supra*, 73 Cal.App.3d at pp. 94-95.)

Respondent describes his cross-appeal as taken only from that portion of the judgment relating to damages, but because a limited new trial on damages is inappropriate, the appeal is to be treated as one from the entire judgment. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 132, at p. 4128.)

On the appeal, the order granting a limited new trial on damages is reversed. On the cross-appeal, the judgment is reversed. The parties will bear their own costs on appeal.

Caldecott, P. J., and Kroninger, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.