[Civ. No. 1408. Fifth Dist. Jan. 13, 1971.]

CALIFORNIA TABLE GRAPE COMMISSION,
Plaintiff and Respondent, v.
BRUNO DISPOTO, Defendant and Appellant.

**COUNSEL**

Granger & Moe and George W. Granger for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Sanford N. Gruskin, Assistant Attorney General, and Walter E. Wunderlich, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**STONE, P. J.**—Respondent, California Table Grape Commission, obtained a judgment against appellant for a total sum of $11,256.17, found to be due as assessments on table grapes shipped by him pursuant to an assessment order issued by respondent. Appellant appealed from the judgment and posted an appeal bond for the amount found to be due and owing. However, the judgment also provided: "IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that defendant Bruno Dispoto, dba Bruno Dispoto Company, his agents, employees, assistants, representatives, officers, or any other person or persons acting under his orders or in concert with him are hereby enjoined from the further shipping of California table grapes until that portion of this judgment which is for money has been paid in full."

Respondent contends the order enjoining appellant from shipping California table grapes until the judgment is paid in full is not stayed pending

appeal, even though a bond has been posted for the amount of the money judgment. Respondent sought enforcement of the order, and appellant petitioned this court for a writ of supersedeas to suspend the operation of the injunction pending outcome of the appeal.

Preliminarily, we note that in hearing this petition for a writ of supersedeas we are not deciding the merits of the case.

It is apparent from the face of the order that the purpose of the injunction against shipping grapes is not to protect the health of consumers, nor to prevent the sale of an inferior product. Clearly, the injunction is ancillary to the money judgment and is to be effective only "until that portion of this judgment which is for money has been paid in full." The appeal bond posted by appellant suspends the requirement of payment of the money part of the judgment pending the appeal; logically it should follow that the bond also suspends the operation of the ancillary injunction designed to enforce payment of the money judgment. Certainly respondent suffers no harm where, as here, a bond insuring payment of the judgment has been filed.

On the other hand, were appellant to be enjoined from shipping his grapes pending appeal, despite having posted an appeal bond, he could well be irreparably damaged. Respondent argues that appellant could sell his grapes on the vine or perhaps sell them locally. But appellant has established a fresh grape shipping business (which respondent does not deny) and if he is prevented from shipping grapes pending the appeal he is likely to lose his established trade outlets.

The record before us reflects that there is no threat to the health or well being of the public and no disadvantage or prejudice to respondent if this petition for supersedeas is granted, while to grant the writ and preserve the status quo during appeal from the money judgment would prevent irreparable damage to appellant.

■ Mr. Witkin, in his work, 3 California Procedure (1954) page 2210, says: "Supersedeas is an extraordinary writ issued by an *appellate court* to a lower court or officer thereof, directing that enforcement of a judgment be stayed *pending an appeal* in the court issuing the writ, where the relief is necessary to protect the *appellant* from serious injury in case of *reversal,* and will not cause the *respondent* disproportionate injury in case of *affirmance.* The writ is not provided for by statute nor expressly mentioned in the Constitution, and is grounded on the inherent power of the Supreme Court or district court of appeal to issue 'writs necessary or proper to the complete exercise of its appellate jurisdiction.' [Citations.]"

██ The facts of this case fit the purpose of a writ of supersedeas as a glove tailored to fit the hand.

Let the writ of supersedeas issue as prayed for; petitioner to recover his costs.

Gargano, J., and Ginsburg, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.