[Civ. No. 18866. Third Dist. Nov. 16, 1979.]

ALBERT MILLS, Plaintiff and Respondent, v.
COUNTY OF TRINITY et al., Defendants and Appellants.

COUNSEL

Ronald Barbatoe, District Attorney, for Defendants and Appellants.

Davis R. Hammer for Plaintiff and Respondent.

OPINION

**PUGLIA, P. J.**—Appellants, the County of Trinity and its board of supervisors, seek a writ of supersedeas. They are defendants in a proceeding in Trinity County Superior Court in which the respondent herein, Albert Mills, is plaintiff. In the procecding in the trial court, Mills challenged the constitutionality of supervisors' resolution No. 73-78 providing for increased fees for the Trinity County Planning Department and Surveyor. Mills contended that by reason of Proposition 13, which was approved as an initiative measure in June of 1978 adding article XIII A to the California Constitution, the increased fees called

for by resolution No. 73-78 constitute a special tax within the meaning of that article and cannot be imposed without a two-thirds affirmative vote of the electors of Trinity County. The trial court upheld Mills' claim, ordered summary judgment in his favor and issued a peremptory writ of mandate. The writ ordered appellants to "desist and refrain from enforcing the provisions of resolution Number 73-78, enacted on August 28, 1978," and further directed appellants to refund any and all monies received pursuant to said resolution which exceeded the amounts required under the fee schedule it superseded. Judgment was entered July 30, 1979, and appellants filed notice of appeal therefrom August 2, 1979.

In this verified petition for supersedeas filed August 29, 1979, appellants seek to restrain the enforcement of the peremptory writ of mandate pending disposition of the appeal. On September 6, we issued an order to show cause and temporary stay. Respondent Mills has filed his return by verified answer to the petition.

█ We have fully considered the respective rights of the litigants in this appeal and conclude that stay of the judgment is necessary to protect the appellants from the irreparable injury they will necessarily sustain in the event their appeal is deemed meritorious. A stay will not result in disproportionate injury to respondent in the event of an affirmance, since excessive fees may easily be refunded. (*California Table Grape Com.* v. *Dispoto* (1971) 14 Cal.App.3d 314, 316-317 [92 Cal.Rptr. 268]; *Sacramento Newspaper Guild* v. *Sacramento County Bd. of Supervisors* (1967) 255 Cal.App.2d 51, 53 [62 Cal.Rptr. 819].)

█ The writ of supersedeas is a purely auxillary writ, serving the sole function of preserving our appellate jurisdiction pending review of the appeal and a ruling on its merits. (Cal. Rules of Court, rule 49; Code Civ. Proc., § 923.) Supersedeas is thus to be distinguished from original proceedings, i.e., "writs 'on the merits,' such as mandamus, certiorari, and prohibition, which themselves grant the substantive or procedural relief sought by the petitioner. . . ." (*People* ex rel. *S.F. Bay etc. Com.* v. *Town of Emeryville* (1968) 69 Cal.2d 533, 538 [72 Cal.Rptr. 790, 446 P.2d 790].) Since a proceeding for issuance of a writ of supersedeas is not an "'appeal or original proceeding which is considered on the merits. . .'" (*People* v. *Brigham* (1979) 25 Cal.3d 283, 286 [157 Cal.Rptr. 905, 599 P.2d 100]), the writ may issue without oral argument once the matter has been fully heard on the verified pleadings.

Let a writ of supersedeas issue. The order to show cause, having served its purpose, is discharged. The temporary stay previously issued will remain in effect until this decision becomes final at which time it will terminate without further order of court.

Reynoso, J., and Blease, J., concurred.