[No. A045011. First Dist., Div. Two. Mar. 13, 1990.]

CRAIG T. McFARLAND , Plaintiff and Respondent, v.
CITY OF SAUSALITO, Defendant;
LINDSAY MICKLES, Movant and Appellant.

COUNSEL

John Douglas Moore and Marshall & Moore for Movant and Appellant.

William J. Ziegler, Jr., Ivan M. Gold and Berg, Ziegler, Lichtman & Anderson for Plaintiff and Respondent.

OPINION

**PETERSON, J.**—Lindsay Mickles appeals from an order of the Marin County Superior Court, claiming the trial court abused its discretion when it imposed sanctions against him and his attorneys. We disagree and affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In September 1986, respondent Craig T. McFarland filed a petition for a writ of mandate against the City of Sausalito. Essentially, respondent sought to vacate a stop-work order the city had issued against his construction of a residence. Appellant, who owned real property near respondent's property, was granted leave to file a complaint-in-intervention in the action. In March 1987, respondent's petition for a writ of mandate was denied, although the court retained jurisdiction to take further action on the petition if appropriate.

In August 1987, the trial court sustained respondent's demurrer to appellant's complaint-in-intervention without leave to amend. Appellant appealed this order. While the appeal was pending, respondent renewed his petition for a writ of mandate. Although appellant's complaint-in-intervention had been dismissed, he filed two declarations and a memorandum of points and authorities in opposition to respondent's renewed petition. Appellant's memorandum and declarations were stricken by the court at respondent's request.

Respondent then moved for an award of sanctions pursuant to Code of Civil Procedure section 128.5.[1] He asked the court to compensate him for the attorney fees he incurred in striking appellant's pleadings because appellant had no right to appear in the action. After a hearing, the court imposed sanctions of $1,000 against appellant and his attorneys.

On February 8, 1989, appellant filed the present appeal from the court's order awarding sanctions. On February 15, 1989, this court issued an unpublished opinion affirming the court's order dismissing appellant's complaint-in-intervention.

## II. Discussion

■ Appellant first claims the trial court abused its discretion when it imposed sanctions against him and his attorneys. We disagree.

Section 128.5 "empowers a trial court to manage the proceedings conducted before it and to grant sanctions in the appropriate situations where proceedings are instituted in bad faith, are frivolous or brought for purposes of delay." (*Ellis* v. *Roshei Corp.* (1983) 143 Cal.App.3d 642, 648 [192 Cal.Rptr. 57].)

An award of sanctions for frivolous conduct under section 128.5 is within the sound discretion of the trial court. (*Winick Corp.* v. *County Sanitation Dist. No. 2* (1986) 185 Cal.App.3d 1170, 1176 [230 Cal.Rptr. 289].) On appeal, the trial court's exercise of that discretion will not be set aside except on a clear showing of abuse. (*Ibid.*)

Here, the court imposed sanctions against appellant and his attorneys because they filed pleadings in an action in which appellant's right to appear had been terminated. As the court noted, "the plaintiff-in-intervention and his counsel knew, or should have known, that he was without standing to file the disputed memorandum . . . by reason of the dismissal of his

---

[1] All subsequent statutory references are to the Code of Civil Procedure.

intervention action . . . and subsequent appeal, and that neither the facts nor the law supported his action." We agree with the trial judge's analysis and believe that he acted well within his discretion when he awarded sanctions.

Appellant disputes this conclusion. He claims that sanctions should not have been imposed because he believed he had the right to continue participating in the proceedings. He notes that, at the time he filed the pleadings which resulted in the award of sanctions, he had filed an appeal from the order dismissing his complaint-in-intervention. Thus, appellant claims he believed that, under section 916, the appeal *vacated* the court's order of dismissal. We find appellant's argument unpersuasive for two reasons.

First, it is not supported by the law upon which he relies. Section 916 provides generally that an appeal stays the enforcement of the trial court's judgment or order. While the clear effect of taking an appeal under section 916 is to stay the proceedings in the trial court upon the judgment or order from which the appeal is taken (see generally, 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 6, pp. 36-38), nothing in that code section can be interpreted to hold an order or judgment is rendered null and void by an appeal. Appellant cited no authority for this novel proposition to the trial court below. He offers no justification for such a rule on this appeal.

Second, the pleadings which appellant filed and which were the basis for the sanctions contained no discussion of appellant's right to continue participating in the action. The standing issue was ignored. If in fact appellant claimed the right to continue to participate in the proceedings in the trial court below due to the pendency of the appeal, this fact should have been urged to the trial court.[2]

Appellant attempts to justify his actions by arguing that because the action between the respondent and the City of Sausalito was continuing, his rights could have been impaired while his appeal was pending. While this may be true, appellant could have protected his rights pending appeal by asking this court for a writ of supersedeas to preserve the status quo. (See generally, *Mills* v. *County of Trinity* (1979) 98 Cal.App.3d 859, 861 [159 Cal.Rptr. 679].) Alternatively, he could have taken the unusual step of requesting the trial court to permit him to file an amicus brief. (See *In re Veterans' Industries, Inc.* (1970) 8 Cal.App.3d 902, 924 [88 Cal.Rptr. 303].) Instead, appellant simply attempted to inject himself back into proceedings

---

[2] Appellant claims that he anticipated addressing the standing issue at the hearing on the petition for writ of mandate. The trial court was apparently not convinced by this belated explanation. Nor are we.

from which he had been dismissed, without discussion of his right to do so and based upon questionable reasoning.

We do not think that upholding sanctions in a case such as this will chill aggressive advocacy. While the line between active and aggressive representation of clients on one hand, and dilatory, frivolous, and bad faith actions on the other, may be a fine line, it is a line which trial courts are sometimes obligated to draw. (*Ellis* v. *Roshei Corp., supra*, 143 Cal.App.3d at p. 648.) Here, we are convinced appellant's actions justified an award of sanctions.

Appellant next claims that the amount of sanctions awarded was excessive. We disagree.

■ The amount to be awarded as attorney fees is left to the sound discretion of the trial court. (*Vella* v. *Hudgins* (1984) 151 Cal.App.3d 515, 522 [198 Cal.Rptr. 725].) Here, respondent sought sanctions of $1,350 based upon the declaration of his attorney stating the time he spent preparing pleadings and arguing the motion to strike. The court awarded $1,000. We see no abuse.

III. DISPOSITION

The order awarding sanctions is affirmed.

Respondent's request for an award of sanctions for filing a frivolous appeal is denied.

Kline, P. J., and Smith, J., concurred.