[No. B150877. Second Dist., Div. Seven. Sept. 18, 2001.]

BARMAS, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
FRANCESCO GALASSO et al., Real Parties in Interest.

**COUNSEL**

Even, Crandall, Wade, Lowe & Gates and Curtis L. Metzgar for Petitioners.

No appearance for Respondent.

Paul & Janofsky, Gary M. Paul and Michael B. Gurien for Real Parties in Interest.

## OPINION

**WOODS, J.**—Petitioners herein and defendants below, Barmas, Inc., doing business as Hair At Fred Segal, Michael A. Baruch and Paul DeArmas (Baruch hereafter unless context requires otherwise) petition this court for a writ of mandate and/or prohibition or other appropriate relief challenging an order of the Los Angeles County Superior Court, Warren L. Ettinger, judge presiding, granting the motion of plaintiffs and real parties in interest herein, Francesco Galasso and Francesco Galasso, Inc. (plaintiffs hereafter unless context requires otherwise) for a retrial of the question of malice and, if necessary, punitive damages, after a jury hung on the question whether Baruch was guilty of malice. As we shall explain, Baruch's petition lacks merit and we therefore deny the petition.

### FACTUAL AND PROCEDURAL HISTORY

In 1999, plaintiffs filed an action for various contract and tort claims against Baruch. The complaint contained a claim for punitive damages. Before trial, the court granted plaintiffs' unopposed motion to bifurcate the liability and punitive damages phases of the trial.

At the conclusion of the first phase of the trial, the jury found for plaintiffs and awarded them $124,000 in compensatory damages. The jury found in favor of defendant DeArmas on the punitive damages claim, finding that he was not guilty of malice, fraud or oppression, but the jury deadlocked eight to four against defendant Baruch on whether Baruch was guilty of malice. After concluding further deliberations would not be fruitful, the trial court discharged the jury.

Shortly thereafter, plaintiffs filed a motion asking the court to schedule a retrial of the issue of malice (and, if appropriate, punitive damages) against defendant Baruch. In opposition, defendant Baruch argued that because subdivision (d) of Civil Code section 3295 provides that evidence of a defendant's financial condition "shall be presented to the same trier of fact that found for the plaintiff" as to liability for compensatory damages, it is improper to have a partial retrial limited to the issues of malice and liability for punitive damages. Baruch argued that the plaintiffs must either agree to a retrial of all issues or accept the jury's compensatory damages award and allow a judgment for that amount to be entered.

In reply, plaintiffs argued that the partial retrial they were requesting was proper under the authority of *Torres v. Automobile Club of So. California* (1997) 15 Cal.4th 771 [63 Cal.Rptr.2d 859, 937 P.2d 290], where the

Supreme Court held that Civil Code section 3295's "same trier of fact" requirement does not entitle a defendant to a new trial on all issues after a punitive damages award is reversed on appeal.

The trial court granted plaintiffs' motion and ordered a retrial limited to the issues of malice and, if appropriate, punitive damages. The court suggested writ review would be appropriate because the issue is one "that would be incredibly helpful to most trial judges" and this type of situation "happens often enough so that it would be helpful to know what the appellate courts want us to do."

Two months after the trial court's ruling, Baruch filed this petition challenging the trial court's order. On June 22, 2001, this court caused to be issued its "ORDER TO SHOW CAUSE AND TEMPORARY STAY ORDER," finding that the petition raised an important issue of law. The court has since received additional briefing and heard oral argument.

## DISCUSSION

Code of Civil Procedure section 616 provides "In all cases where the jury are discharged without having rendered a verdict, or are prevented from giving a verdict, by reason of accident or other cause, during the progress of the trial, or after the cause is submitted to them, except as provided in Section 630, the action may be again tried immediately, or at a future time, as the court may direct." ▮ It is well settled that "[t]here is no constitutional impediment to a retrial of a limited issue, so long as that issue is sufficiently distinct and severable from the others that a limited retrial would not result in an injustice." (*Valentine v. Baxter Healthcare Corp.* (1999) 68 Cal.App.4th 1467, 1478 [81 Cal.Rptr.2d 252]; see also *Cruz v. HomeBase* (2000) 83 Cal.App.4th 160, 165-166 [99 Cal.Rptr.2d 435].)

Although the *Torres* case on which plaintiffs rely involved a different scenario than the instant case, i.e., the reversal on appeal of an excessive punitive damages award, much of the court's reasoning for approving a retrial limited to punitive damages supports the partial retrial ordered by the trial court in this case. ▮ Thus, after reviewing the legislative history, the court concluded that the "same trier of fact" requirement in subdivision (d) of Civil Code section 3295 was intended to prevent defendants from having separate juries decide compensatory and punitive damages when a case is bifurcated and, as such, the requirement promotes judicial economy. (See *Torres v. Automobile Club of So. California, supra,* 15 Cal.4th at pp. 778-779.) It appears to this court that the Legislature was concerned about a defendant getting a second bite at the apple by impaneling a second jury to

try the question of punitive damages, after one jury had found against the defendant in the first phase of the case. This is not an issue when a partial retrial is required, whether the retrial is ordered by the appellate court (as in *Torres*), or by the trial court (as in this case).

The Supreme Court in *Torres* also determined that nothing in the legislative history suggested that, in adding the "same trier of fact" requirement to the statute in 1987, the Legislature intended "to strip the appellate courts of their authority" under prior case law to order retrials limited to punitive damages. (*Torres v. Automobile Club of So. California, supra,* 15 Cal.4th pp. 779-780.) Similarly, there is nothing to suggest the Legislature intended to restrict the authority of trial courts to order retrials limited to certain issues.

■■■■ In *Torres v. Automobile Club of So. California, supra,* 15 Cal.4th at page 776, the Supreme Court stated: "It is a firmly established principle of law that '[t]he appellate courts have power to order a retrial on a limited issue, if that issue can be separately tried without such confusion or uncertainty as would amount to a denial of a fair trial.' (*Brewer v. Second Baptist Church* (1948) 32 Cal.2d 791, 801 [197 P.2d 713].) The underlying rationale is easy to discern: To require a complete retrial when an issue could be separately tried without prejudice to the litigants would unnecessarily add to the burden of already overcrowded court calendars and could be unduly harsh on the parties." We find nothing in *Torres* to suggest that the Legislature intended to abrogate Code of Civil Procedure section 616 or the power of trial courts to order partial retrials by the enactment of Civil Code section 3295, subdivision (d).

Baruch relies on *Medo v. Superior Court* (1988) 205 Cal.App.3d 64 [251 Cal.Rptr. 924] and *City of El Monte v. Superior Court* (1994) 29 Cal.App.4th 272 [34 Cal.Rptr.2d 490], which interpreted the "same trier of fact" requirement to preclude retrials limited to punitive damages where a trial court had prematurely discharged a jury. In *Torres,* however, the Supreme Court declined to express an opinion whether those panels had reached the correct conclusion. (*Torres v. Automobile Club of So. California, supra,* 15 Cal.4th at p. 780.)

A partial retrial that encompasses issues of both malice and punitive damages affords a defendant an even greater assurance of fairness than was found sufficient in *Torres*. In a retrial restricted to punitive damages, as in *Torres*, a new jury would receive an instruction that, in a prior proceeding, defendant's conduct was determined to be malicious. However, although the new jury will hear evidence concerning the defendant's conduct, it may not be apprised of the specific act or acts upon which the previous jury's finding

of malice was based. In the *Torres*-type situation, there is a risk that the new jury could award punitive damages based on conduct the previous jury did not find malicious.[1] Here, any such risk would be eliminated by the scope of the partial retrial. The new jury would determine whether Baruch acted with malice and, if so, whether an award of punitive damages is warranted. Any award of punitive damages, therefore, would be made in light of specific conduct which the new jury found to be malicious.

In conclusion, we do not discern that anything contained in Civil Code section 3295 encroaches on the discretion of the trial court to order a retrial of the issues of malice and, if necessary, punitive damages, before a different jury in this instance. Consequently, the writ should be denied.

## DISPOSITION

The petition for writ of mandate and/or prohibition or other appropriate relief is hereby denied. The demurrer of real parties in interest to the petition is overruled. Real parties in interest are awarded their costs in this writ proceeding.

Johnson, Acting P. J., and Boland, J.,* concurred.

Petitioners' petition for review by the Supreme Court was denied January 3, 2002.

---

[1]Of course, nothing in *Torres* requires limiting a retrial to punitive damages where a jury's punitive damages award is determined to be excessive. Indeed, where it would deny the defendant a fair trial, a retrial should not be limited to punitive damages. (See *Torres v. Automobile Club of So. California, supra,* 15 Cal.4th at p. 776.)

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.