Filed 2/27/15  Gaita v. Capistrano Unified School Dist. CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TERI GAITA, | |
| Plaintiff and Respondent, | G048745 |
| v. | (Super. Ct. No. 30-2010-00336179) |
| CAPISTRANO UNIFIED SCHOOL DISTRICT, et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Gregory Munoz, Judge.  Affirmed.

Woodruff, Spradlin & Smart, Daniel K. Spradlin, M. Lois Bobak and Brian A. Moore for Defendants and Appellants.

Purcell Law and Chris Purcell for Plaintiff and Respondent.

\*          \*          \*

Defendants and appellants Capistrano Unified School District (District) and Jose Alvarado (Alvarado; collectively referred to as Defendants) appeal from the trial court's order granting plaintiff and respondent Teri Gaita a new trial on the issue of damages. Gaita sued Defendants to recover for injuries she suffered when one of the District's school buses driven by Alvarado rear-ended Gaita's vehicle on the freeway.

At trial, Gaita waived her claim for past medical expenses because of the difficulty in differentiating between the medical expenses caused by this accident and the medical expenses she incurred when her vehicle was hit from behind two years earlier. Gaita, however, presented expert testimony showing this accident caused a permanent, traumatic brain injury requiring millions of dollars in future medical treatments. She also asked the jury to award her tens of millions of dollars for past and future pain and suffering. Defendants stipulated their negligence caused the accident, but they presented expert testimony showing Gaita did not suffer a traumatic brain injury, and that her injuries stemmed from the earlier accident.

The jury's special verdict found Defendants' negligence was a substantial factor in causing Gaita harm and awarded her $16,150 in future medical treatments, but also found Gaita did not suffer any past pain and suffering and would not suffer any in the future. Gaita moved for a new trial, arguing the jury's damages award was inadequate as a matter of law because it failed to compensate her for pain and suffering despite the jury's finding Defendants' negligence caused her significant injury requiring future medical treatment. The trial court agreed and granted her motion.

We affirm because the trial court had broad discretion in deciding whether to order a new trial, and the record supports the court's finding the injury Defendants' negligence caused was significant enough to require the jury to award at least some amount for pain and suffering. We also reject Defendants' contention the trial court erred in granting a new trial on all of Gaita's damages instead of limiting the issue to future pain and suffering. As explained below, we conclude the trial court did not abuse its

2

broad discretion because it reasonably could find the issue of Gaita's future pain and suffering damages could not be severed and tried separately from her future medical expenses and past pain and suffering without prejudicing one of the parties.

I

FACTS AND PROCEDURAL HISTORY

In August 2007, Gaita was rear-ended on the freeway. After the accident she began suffering back, neck, and shoulder pain and also headaches. She received treatment for these injuries throughout 2007 and 2008, but the pain persisted. In January 2009, a neurosurgeon traced the source of Gaita's pain to a disc in her neck. The neurosurgeon recommended Gaita undergo spinal epidural injections and neck surgery, but she was reluctant to undergo either treatment. She eventually had an epidural injection, but declined the surgery. In the months following the accident, Gaita reported being depressed because she continued to experience pain and had difficulties performing everyday tasks.

In June 2009, Gaita again was driving on the freeway when Alvarado rear-ended her while driving one of the District's school buses. Although she did not report any significant injuries at the accident scene, Gaita saw her neurosurgeon a couple days later and reported she temporarily blacked out at the accident scene and "freaked out" because she could not recall specifics about the accident. Her neurosurgeon diagnosed Gaita as suffering a loss of consciousness, a concussion, anxiety, and posttraumatic stress, in addition to aggravation of her existing injuries. He also referred Gaita to a neuropsychologist for further testing. The neuropsychologist reported Gaita had impaired motor skills in her left hand and impaired strength in her upper arm, "borderline immediate memory" and "borderline to impaired delayed free recall for complex verbal information," and below average concentration skills.

3

Gaita's doctors performed several MRI's and CT scans on her spine and brain that failed to reveal any physical injury attributable to the 2009 accident rather than the 2007 accident. Her doctors, however, opined Gaita suffered a permanent, traumatic brain injury in the 2009 accident based on the many cognitive difficulties she experienced after the accident.

In January 2010, Gaita filed this action against Defendants to recover for the injuries she suffered in the 2009 accident.[1] Several months later, she amended her complaint to add breach of contract and insurance bad faith claims against her own insurance company based on the 2007 accident. She alleged her insurance company breached her policy by refusing to pay the $85,000 policy limit on her underinsured motorist coverage. According to Gaita, her damages from the 2007 accident exceeded $100,000, but the other driver had only $15,000 in coverage. Gaita and her insurance company entered into a pretrial settlement for the full $85,000 policy limits, bringing the total she received for the 2007 accident to $100,000.

At the start of the March 2013 trial against the Defendants, Gaita waived her claim for past medical expenses arising out of the 2009 accident because the settlement with her insurance company covered her past medical expenses and she could not clearly differentiate between the medical expenses the 2007 accident caused and those the 2009 accident caused. Gaita, however, sought past pain and suffering damages, future medical expenses, and future pain and suffering damages.

Gaita presented evidence she suffered a permanent, traumatic brain injury and significant ongoing pain from the 2009 accident. Although the cognitive problems she experienced because of the injury did not prevent her from working or performing a variety of everyday tasks, Gaita claimed her cognitive impairment and accompanying

---

[1] Gaita's husband also asserted a loss of consortium claim against Defendants, but the jury rejected his claim and the trial court denied his new trial motion. Gaita's husband has not appealed.

pain made work and life much more difficult because she required twice as much time and effort as before the accident to do the same tasks. Gaita presented evidence showing she would require more than $60,000 in medical expenses every year to manage her cognitive problems and pain. She also sought millions of dollars to compensate her for past and future pain and suffering.

Defendants stipulated their negligence caused the 2009 accident, but disputed the accident caused Gaita's injuries and the necessity for future medical treatments. Defendants presented expert testimony that any cognitive difficulties Gaita suffered were caused by her own anxiety, not a traumatic brain injury. According to Defendants' experts, Gaita suffered only a concussion in the 2009 accident and $16,150 in future medical treatments would cover the costs of treating her pain and other complaints.

The jury returned a special verdict awarding Gaita $16,150 in damages. The jury specifically found Defendants' negligence was a substantial factor in causing Gaita harm and awarded her $16,150 to cover her future medical treatment, but also found Gaita did not suffer any past pain and suffering and would not suffer any in the future. Gaita moved for a new trial on all issues, or in the alternative a new trial on damages, arguing the jury's award was inadequate as a matter of law because it failed to compensate her for pain and suffering, the jury returned an inconsistent, compromise verdict, and Defendants' counsel committed misconduct by repeatedly referring to unsuccessful settlement offers.

The trial court granted Gaita's motion and ordered a new trial limited to the amount of damages. The court found the jury's verdict was inconsistent and its damages award was inadequate as a matter of law because it failed to compensate Gaita for pain and suffering despite awarding her $16,150 in future medical expenses. Citing *Dodson v. J. Pacific, Inc.* (2007) 154 Cal.App.4th 931 (*Dodson*), and *Miller v. San Diego Gas & Elec. Co.* (1963) 212 Cal.App.2d 555 (*Miller*), the court explained the jury was required

5

to compensate Gaita for pain and suffering because, although the parties disagreed on the extent of Gaita's injuries, the testimony from all the medical experts showed Gaita "suffered a head injury that resulted in cognitive difficulties . . . [and] would require extensive treatment in the future involving substantial expenditures." Defendants timely appealed.

## II

### DISCUSSION

A.  *Standard of Review*

The amount of damages to be awarded is a question of fact for the jury to decide in the first instance. (*Seffert v. Los Angeles Transit Lines* (1961) 56 Cal.2d 498, 506; *Miller*, *supra*, 212 Cal.App.2d at p. 558.) On a new trial motion challenging the adequacy of the damages awarded, the trial court sits as a thirteenth juror with the power to weigh the evidence and judge the credibility of the witnesses. (*Seffert*, at p. 507; *Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1689; see Code Civ. Proc., § 657 ["A new trial shall not be granted upon the ground of . . . excessive or inadequate damages, unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a different verdict or decision"].)

"'Whether the contention is that the damages fixed by the jury are too high or too low, the determination of that question rests largely in the discretion of the trial judge. The appellate court has not seen or heard the witnesses, and has no power to pass upon their credibility. Normally, the appellate court has no power to interfere except when the facts before it suggest passion, prejudice or corruption upon the part of the jury, or where the uncontradicted evidence demonstrates that the award is insufficient as a matter of law. In determining whether there has been an abuse of discretion, the facts on the issue of damage most favorable to the respondent must be considered.'" (*Miller*,

6

*supra*, 212 Cal.App.2d at pp. 558-559; *Gersick v. Shilling* (1950) 97 Cal.App.2d 641, 645 (*Gersick*).)

Defendants face a daunting task in establishing the trial court acted unreasonably and arbitrarily. "In reviewing the order granting a new trial, we apply the following rule: 'The determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears. This is particularly true when the discretion is exercised in favor of awarding a new trial, for this action does not finally dispose of the matter. So long as a reasonable or even fairly debatable justification under the law is shown for the order granting the new trial, the order will not be set aside. [Citations.]' [Citation.]" (*Sandco American, Inc. v. Notrica* (1990) 216 Cal.App.3d 1495, 1506.)

Defendants contend the de novo standard of review applies here because the trial court found the jury's award inadequate as a matter of law based on *Dodson* and *Miller*. (See *Dodson*, *supra*, 154 Cal.App.4th at pp. 936-938; *Miller*, *supra*, 212 Cal.App.2d at pp. 557-558.) Defendants therefore conclude the propriety of the court's ruling is a question of law subject to de novo review. Defendants are mistaken.

*Dodson* and *Miller* both applied the abuse of discretion standard of review to determine whether a jury's damages award was inadequate as a matter of law. (*Dodson*, *supra*, 154 Cal.App.4th at p. 938; *Miller*, *supra*, 212 Cal.App.2d at pp. 558-559, 562.) As explained below, these and other cases authorize a trial court to grant a new trial when it determines the jury's award is legally inadequate for failing to include pain and suffering damages. A trial court, however, may apply this rule only after resolving factual questions involving the nature and extent of the injuries the defendant's negligence caused. (*Dodson*, at pp. 936-937; *Miller*, at pp. 558-559.) Indeed, in stating the rule, both *Dodson* and *Miller* emphasized that every case depends on the facts involved. (*Dodson*, at p. 936; *Miller*, at p. 558.) Defendants cite no case

7

applying the de novo standard to review an order for a new trial based on an inadequate damages award. We will follow well-established precedent and apply the abuse of discretion standard of review.

B.      *The Trial Court Did Not Abuse Its Discretion in Granting Gaita a New Trial*

Defendants contend the trial court erred in granting Gaita a new trial because California law does not require a jury to award pain and suffering damages each time medical expenses are awarded. According to Defendants, a jury has discretion to award no pain and suffering damages despite awarding medical expenses when the parties have presented conflicting evidence on the extent and cause of the plaintiff's injuries. Defendants, however, misconstrue the governing case law and ignore the broad discretion the trial court possessed in ruling on Gaita's new trial motion.

In a personal injury action, the "the measure of damages . . . is the amount which will compensate for all the detriment proximately caused [by the defendant], whether it could have been anticipated or not." (Civ. Code, § 3333.) "Under this section '[t]ort damages are awarded to compensate a plaintiff for *all* of the damages suffered as a legal result of the defendant's wrongful conduct.' [Citation.]" (*Wise v. Thrifty Payless, Inc.* (2000) 83 Cal.App.4th 1296, 1304-1305, original italics.) These damages include general damages for "'pain and suffering,'" which our Supreme Court has defined as "a convenient label under which a plaintiff may recover not only for physical pain but for fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation, indignity, embarrassment, apprehension, terror or ordeal." (*Capelouto v. Kaiser Foundation Hospitals* (1972) 7 Cal.3d 889, 892-893.) "Such injuries are subjective, and the determination of the amount of damages by the trier of fact is equally subjective. [Citation.] There is no fixed standard to determine the amount of [pain and suffering] damages. Instead, the determination is committed to the discretion of the trier of fact. [Citations.]" (*Corenbaum v. Lampkin* (2013) 215 Cal.App.4th 1308, 1332 (*Corenbaum*).)

8

The amount awarded simply must be reasonable on the facts of the case. (Civ. Code, § 3359.)

A jury's damages award is inadequate as a matter of law, however, "'where the right to recover [for pain and suffering] was established and . . . there was also proof that the medical expenses were incurred because of [the] defendant's negligent act.'" (*Dodson*, *supra*, 154 Cal.App.4th at pp. 936-937; *Miller*, *supra*, 212 Cal.App.4th at p. 558; see *Wilson v. R. D. Werner Co.* (1980) 108 Cal.App.3d 878, 883 (*Wilson*); *Haskins v. Holmes* (1967) 252 Cal.App.2d 580, 586-587 (*Haskins*); *Gallentine v. Richardson* (1967) 248 Cal.App.2d 152, 155 (*Gallentine*) ["The . . . appellate court [has a duty] to set aside the verdict of the trial court . . . where damage is proven as a proximate result of defendant's negligence, the exact amount of plaintiff's special damages are awarded, and no award is made for the detriment suffered through pain, suffering, inconvenience, shock or mental suffering"].)

A general damages award in an amount equal to or less than the plaintiff's medical expenses does not establish the jury awarded nothing for pain and suffering because it does not establish the components of the award and the reasons for it. (See *Dodson*, *supra*, 154 Cal.App.4th at pp. 937-938; *Miller*, *supra*, 212 Cal.App.4th at pp. 558-560.) Indeed, there are two possible explanations for an award in an amount equal to or less than the plaintiff's claimed medical expenses. First, the jury could have awarded the plaintiff only his or her medical expenses without any compensation for pain and suffering. Second, the jury could have awarded some amount for pain and suffering, but also found the plaintiff was not entitled to all of the claimed medical expenses because either the defendant's negligence did not cause the plaintiff to incur all of the expenses or some of the expenses were unreasonable. Only the first of these two scenarios violates the foregoing rule. Accordingly, an award is inadequate as a matter of law only if the record reveals the jury awarded the plaintiff nothing for pain and suffering despite finding the defendant's negligence caused the plaintiff more than nominal

9

damages. (*Ibid*.) "'[E]very case depends upon the facts involved.' [Citation.]"[2] (*Dodson*, at p. 936; *Miller*, at p. 558.)

The *Dodson* and *Miller* cases on which the trial court relied provide helpful examples of how this rule operates. In *Miller*, the plaintiff sued the defendant electric company for damages caused by an electrical shock she received while opening her mail box. At trial, the parties presented conflicting evidence on whether the shock caused the plaintiff's injuries and whether the medical expenses were reasonable. When the jury returned a general verdict awarding the plaintiff damages in the exact amount of her medical expenses, she moved for a new trial, arguing the damages were legally inadequate because they failed to compensate her for pain and suffering. (*Miller*, *supra*, 212 Cal.App.2d at pp. 556-557.)

The trial court denied the new trial motion and the *Miller* court affirmed because the record did not show the jury awarded the plaintiff nothing for pain and suffering despite finding the defendant caused the plaintiff substantial harm. The *Miller* court explained, "in the face of substantial conflict in the evidence as to the extent of the injuries and as to whether the expenses were incurred as a result of the negligence complained of, the [trial] court was justified in denying the motion for new trial . . . . It is obvious that even though liability be established, a jury may conclude that the plaintiff has suffered little, if any, injury and may conclude that medical expenses paid were not occasioned by the fault of the defendants. Under such circumstances, it is obvious that a verdict may properly be rendered for an amount less than, or for no more than the medical expenses. . . . [¶] . . . [¶] It is not for this court to weigh the evidence. Our province goes no further than a determination that there was substantial evidence to support the verdict." (*Miller*, *supra*, 212 Cal.App.2d at pp. 559-560.)

---

2       In this case, we only address a jury's failure to award *any* compensation for pain and suffering.

10

Because the jury in *Miller* returned a general verdict based on conflicting evidence, the Court of Appeal was required to imply all findings necessary to support the verdict and supported by substantial evidence. (See *Baxter v. Peterson* (2007) 150 Cal.App.4th 673, 678.) Based on implied findings, the *Miller* court concluded the defendant's negligence did not cause all of the plaintiff's injuries and medical expenses, some of the plaintiff's medical expenses were unreasonable, and the award included only a portion of the plaintiff's medical expenses and some amount for pain and suffering. These implied findings prevented the *Miller* court from concluding the jury awarded the plaintiff nothing for pain and suffering after finding the defendant's negligence caused the plaintiff substantial harm. Accordingly, the *Miller* court could not conclude the award was inadequate as a matter of law. (See *Miller*, *supra*, 212 Cal.App.2d at pp. 559-560.)

In contrast, the *Dodson* court concluded the trial court abused its discretion by denying the plaintiff's new trial motion because the jury returned a special verdict that established the jury's damages award was inadequate as a matter of law. (*Dodson*, *supra*, 154 Cal.App.4th at pp. 937-938.) At trial, the plaintiff sought damages for a spinal surgery and physical therapy sessions he claimed were required because of the defendant's negligence, but the parties presented conflicting evidence on whether the plaintiff's surgery was caused by a preexisting condition or the defendant's negligence. The jury returned a special verdict for the plaintiff that found the defendant's negligence caused the plaintiff's injury and approximately two-thirds of the plaintiff's medical expenses, but also found the plaintiff suffered no pain and suffering damages. The plaintiff then moved for a new trial, arguing the jury's award was inadequate as a matter of law because it failed to award damages for pain and suffering. (*Id*. at pp. 934-935.)

In reversing the trial court ruling denying the new trial motion, the *Dodson* court distinguished *Miller* by explaining "the factual conflicts that *Miller* . . . tell[s] us may justify the jury's failure to award [pain and suffering] damages—whether the

11

plaintiff received any substantial injury or suffered any substantial pain; whether medical treatment was actually given or was given as a result of the injuries; and whether the medical treatment was reasonable or necessary—were resolved by the jury in its special verdict. In [this] case, we know—because the jury expressly decided—that [the defendant's] negligence was a cause of [the plaintiff's] injury, and that [the plaintiff] suffered economic damages 'caused by the accident. . . .' We know that he underwent surgery in which a herniated disc was removed and replaced with a metallic plate. We know the jury awarded damages, at least in part, for [the plaintiff's] surgical expenses. A plaintiff who is subjected to a serious surgical procedure must necessarily have endured at least some pain and suffering in connection with the surgery. While the extent of the plaintiff's pain and suffering is for the jury to decide, common experience tells us it cannot be zero." (*Dodson*, *supra*, 154 Cal.App.4th at pp. 937-938, fns. omitted; see *Haskins*, *supra*, 252 Cal.App.2d at pp. 585-587 [damages award inadequate as matter of law because fact finder's express findings showed plaintiff was awarded essentially nothing for pain and suffering despite sustaining injury that was inevitably accompanied by significant pain and suffering].)

Here, the jury's findings in its special verdict and the trial court's findings in its statement of reasons for granting Gaita's motion both support the court's conclusion the jury's award was inadequate as a matter of law because it failed to compensate Gaita for pain and suffering. First, there is no doubt the jury did not award Gaita compensation for pain and suffering. We simply cannot make an implied finding the jury's award included some amount for pain and suffering because the jury's special verdict expressly awarded her nothing for both past and future pain and suffering. Similarly, although there was substantial conflict in the evidence on whether Defendants caused Gaita any injuries, and if so the extent of those injuries, the jury resolved those conflicts by finding Defendants' negligence was a substantial factor in causing Gaita harm that will require $16,150 in future medical treatment.

12

Moreover, despite the conflicting evidence on the nature and extent of Gaita's injuries, the trial court found Defendants' negligence caused Gaita to "suffer[] a head injury that resulted in cognitive difficulties" and will require "extensive treatment in the future involving substantial expenditures." The court also found the future medical expenses the jury awarded were those recommended by one of Defendants' medical experts and included treatment for pain management. Based on these undisputed findings, we cannot say the trial court abused its discretion by concluding the jury's failure to compensate Gaita for pain and suffering rendered its verdict inadequate as a matter of law.

Defendants contend the jury's failure to award pain and suffering damages did not require the trial court to grant Gaita's motion because *Miller* allows a jury to award nothing for pain and suffering despite awarding the plaintiff medical expenses for an injury the defendant caused. Not so. *Miller* explained a verdict is not necessarily inadequate simply because it is for an amount equal to or less than the plaintiff's medical expenses, but *Miller* also explained a verdict is inadequate as a matter of law if it awards damages in an amount equal to or less than the plaintiff's medical expenses when "the right to recover [i]s established and . . . there [i]s also proof that the medical expenses were incurred because of [the] defendant's negligent act." (*Miller*, *supra*, 212 Cal.App.2d at p. 558.) As explained above, the *Miller* court affirmed the trial court's decision denying the plaintiff's new trial motion because the jury returned a general verdict and conflicting evidence supported the implied finding the defendant's negligence did not require the plaintiff to incur all of the claimed medical expenses. Nothing in *Miller* authorizes a jury to award a plaintiff no pain and suffering damages despite awarding more than $16,000 in medical expenses for injuries caused by the defendant's negligence.

Defendants also contend *Dodson* does not support the trial court's ruling because the jury in *Dodson* concluded the plaintiff suffered significant injuries caused by

13

the defendant's negligence, but the relatively small amount the jury awarded Gaita in comparison to the millions she sought shows the jury found Defendants did not cause Gaita to suffer any significant injuries. But the jury's rejection of the millions Gaita sought for her alleged traumatic brain injury does not establish the jury found she did not suffer a significant injury requiring at least some compensation for pain and suffering. Indeed, the jury made no specific finding regarding the significance of the injuries Defendants caused, but nonetheless found Defendants' negligence caused injuries that still required $16,150 in future medical treatment nearly four years after the accident. Moreover, Defendants ignore the trial court's finding that Gaita suffered a head injury that resulted in cognitive difficulties and will require extensive future treatment. Defendants also ignore that the jury limited its award to future medical expenses because Gaita waived her past medical expenses. Thus, the jury did not decide whether Gaita suffered past medical expenses. The trial court found the injuries Defendants caused were significant enough to require at least some pain and suffering damages, and the record supports that finding. Accordingly, we conclude the trial court did not abuse its discretion in granting Gaita's new trial motion.[3]

C.      *The Trial Court Was Not Required to Order a New Trial on All Issues*

Defendants also contend the trial court erred in granting Gaita a new trial on the issue of all her damages instead of limiting the new trial to the amount of damages for future pain and suffering. Defendants, however, never asked the trial court to limit

---

[3]      We do not decide whether a nominal award for medical expenses based on an insignificant injury requires a jury to award pain and suffering damages, nor do we decide the minimum threshold for an injury to be considered sufficiently significant to require pain and suffering damages. As *Dodson* and *Miller* explain, every case depends on its facts. (*Dodson*, *supra*, 154 Cal.App.4th at p. 936; *Miller*, *supra*, 212 Cal.App.2d at p. 558.) Here, we simply conclude the trial court did not abuse its discretion in concluding the jury was required to award at least some amount for pain and suffering on the facts of this case.

14

the new trial to future pain and suffering damages, and nonetheless fail to show the trial court abused its discretion in granting a new trial on all of Gaita's claimed damages.

"A trial court ruling on a new trial motion may order a new trial on a limited issue if a trial on that issue alone would not prejudice any party." (*Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 696 (*Bullock*); see *Leipert v. Honold* (1952) 39 Cal.2d 462, 466 (*Leipert*) [limited new trial "should be granted . . . only if it is clear that no injustice will result"].) The issues reserved as final that are excluded from the new trial must have been "fully, fairly and separately determined by the trier of fact." (*Baxter v. Phillips* (1970) 4 Cal.App.3d 610, 616 (*Baxter*).) Moreover, the limited issue or issues to be retried must be distinct and severable from the other issues in the case. (*Barmas, Inc. v. Superior Court* (2001) 92 Cal.App.4th 372, 375 (*Barmas*).) A new trial may not be ordered on a limited issue if that issue is inextricably interwoven with other issues in the case. (*Hamasaki v. Flotho* (1952) 39 Cal.2d 602, 608-609 (*Hamasaki*).) "The primary reasons to order a new trial limited to an issue, or issues, that can be determined separately without prejudice to any party are to relieve the trial court and the parties of the unnecessary burden of relitigating issues that have been decided, and to respect and preserve the results of a trial on issues as to which the appellant has not shown error." (*Bullock*, at p. 696.)

"The decision on limiting the new trial appropriately rests in the discretion of the trial judge. It is presumed that in passing upon the motion he has weighed the evidence and the possibility of prejudice to the defendant. His decision will not be reversed on appeal unless an abuse of discretion is shown." (*Leipert*, *supra*, 39 Cal.2d at p. 467; *Richard v. Scott* (1978) 79 Cal.App.3d 57, 65 (*Richard*); *Baxter*, *supra*, 4 Cal.App.3d at p. 616.) But a trial court cannot abuse its discretion by failing to limit a new trial to a particular issue unless one of the parties asked the court to do so. Accordingly, when the parties fail to ask the trial court to limit a new trial to a specific

15

issue, an appellate court may not order a new trial limited to that issue unless the trial court should have done so as a matter of law. (*Richard*, at pp. 65-66; *Baxter*, at p. 617.)

Here, Gaita's motion requested a new trial on all issues, or in the alternative, a new trial limited to the issue of damages. Gaita argued not only that the damages award was inadequate for failing to compensate her for pain and suffering, but also argued the entire trial was tainted by defense counsel's improper references to settlement attempts and that the jury reached an improper compromise verdict. Defendants opposed the motion, arguing Gaita was not entitled to a new trial of any kind, but did not argue the trial court should limit any new trial it may order to future pain and suffering damages.[4] Accordingly, we may order a new trial limited to future pain and suffering damages only if the trial court was required to limit its new trial order as a matter of law.[5] (*Richard*, *supra*, 79 Cal.App.3d at pp. 65-66; *Baxter*, *supra*, 4 Cal.App.3d at p. 617.)

Although there are numerous cases in which a new trial was limited to either compensatory damages or punitive damages (see, e.g., *Leipert*, *supra*, 39 Cal.2d at p. 467 [compensatory damages]; *Brewer v. Second Baptist Church* (1948) 32 Cal.2d 791, 801-802 (*Brewer*) [punitive damages]; *Bullock*, *supra*, 159 Cal.App.4th at p. 697 [compensatory damages]; *Barmas*, *supra*, 92 Cal.App.4th at p. 376 [punitive damages]),

---

[4] Defendants moved to augment the record to include their opposition to Gaita's new trial motion. We grant that motion.

[5] Defendants contend they were not required to ask the trial court to limit any new trial it may order to future pain and suffering damages because Defendants did not know the court would grant the motion based only on the jury's failure to award pain and suffering damages until the court specified its reasons for granting Gaita's motion. We disagree. One of the grounds on which Gaita moved for a new trial was that the jury's damages award was inadequate because it failed to compensate her for pain and suffering. Defendants were on notice this was a possible ground on which the court could grant Gaita's motion, and therefore it was Defendants' obligation to raise all arguments opposing Gaita's motion.

16

Defendants fail to cite—and our own research has not uncovered—a single case in which a new trial was limited to just one element of the plaintiff's compensatory damages. To the contrary, in other cases in which a new trial was granted because the jury failed to award pain and suffering damages, a new trial was ordered either on all damages or both liability and damages. (See, e.g., *Clifford v. Ruocco* (1952) 39 Cal.2d 327, 329-330 [new trial on liability and damages]; *Dodson*, *supra*, 154 Cal.App.4th at p. 938 [new trial on all damages]; *Wilson*, *supra*, 108 Cal.App.3d at pp. 883-884 [new trial on liability and damages]; *Haskins*, *supra*, 252 Cal.App.2d at pp. 587-588 [new trial on all damages]; *Gallentine*, *supra*, 248 Cal.App.2d at p. 156 [new trial on liability and damages]; *Thompson v. Mattucci* (1963) 223 Cal.App.2d 208, 210-211 [new trial on all damages].)

Defendants contend it would be unfair to grant Gaita a new trial on her future medical expenses when the trial court did not find any defect in the jury's future medical expenses award. Defendants, however, fail to explain how the amount of Gaita's future pain and suffering damages can be severed and tried separately from the amount of her future medical expenses. As explained above, a new trial may be limited to a specific issue only if that issue is severable and not inextricably interwoven with the other issues in the case. (*Hamasaki*, *supra*, 39 Cal.2d at pp. 608-609; *Barmas*, *supra*, 92 Cal.App.4th at p. 375.) For example, a new trial may be ordered on compensatory damages while allowing the jury's liability finding to remain only where the record establishes the liability finding was not the product of a compromise verdict and not otherwise interwoven with the damages issues. (*Liodas v. Sahadi* (1977) 19 Cal.3d 278, 286; *Leipert*, *supra*, 39 Cal.2d at p. 467; *Bullock*, *supra*, 159 Cal.App.4th at p. 697.) Similarly, a new trial may be limited to punitive damages because that determination is distinct from the determination of liability and damages on the underlying cause of action. (*Brewer*, *supra*, 32 Cal.2d at pp. 801-802; *Barmas*, *supra*, 92 Cal.App.4th at p. 376.)

17

Here, we fail to see how the determination of Gaita's future pain and suffering damages can be severed from the determination of her future medical expenses on the record before us. To decide how much to award for future pain and suffering, the second jury must determine the specific injuries that will cause Gaita pain and suffering in the future. The jury's special verdict at the first trial found Defendants' negligence caused Gaita injuries that will require $16,150 in future medical treatment, but the jury did not make any findings on the specific injuries Defendants caused Gaita to suffer. As explained above, the trier of fact's determination of the amount of pain and suffering damages is subjective and there is no fixed standard for making that determination. (*Corenbaum*, *supra*, 215 Cal.App.4th at p. 1332.) Instructing the jury at the second trial that Gaita's injuries will require $16,150 in future medical treatment without evidence of the required treatment for her specific injuries would force the jury to speculate on the nature of the injuries causing the pain and suffering. Indeed, limiting the new trial to future pain and suffering would create the realistic possibility that the first jury awarded Gaita future medical expenses for one set of injuries and the second jury will award her future pain and suffering damages for a second set of injuries. That outcome would prejudice one of the parties depending on who ends up on the short end of the straw.

Moreover, Defendants fail to explain why Gaita is not entitled to a new trial on the amount of past pain and suffering damages. At the first trial, Gaita waived her past medical expenses but she did not waive her past pain and suffering damages. To the contrary, she specifically argued she was entitled to pain and suffering damages from the date of the accident to the date of the verdict, and the special verdict form asked the jury to decide how much Gaita should receive for past pain and suffering. The trial court found the jury's award inadequate because it failed to award both past and future pain and suffering, and therefore Gaita is entitled to a new trial on both of those issues.

Having sat through the entire trial and heard all of the evidence, the trial court was in the best position to determine the appropriate scope of the new trial, and

18

Defendants have provided no explanation or authority establishing the trial court abused its discretion in ordering a new trial on all damages issues, let alone that the trial court was *required* to limit the new trial to future pain and suffering damages as a matter of law.

III

DISPOSITION

The order is affirmed.  Gaita shall recover her costs on appeal.


ARONSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.

19