Filed 7/3/19

## CERTIFIED FOR PARTIAL PUBLICATION*

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| NEWSTART REAL ESTATE INVESTMENT LLC, | B292417 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC502938) |
| v. | |
| JACK HUANG, | |
| Defendant and Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County. Edward B. Moreton, Judge. Affirmed.

Gary Hollingsworth for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

---

\*      Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts 1 and 3 of the Discussion.

Plaintiff New Start Real Estate Investment LLC appeals from three postjudgment orders thwarting its attempts to collect on a judgment against defendant Jack Huang, also known as Ming Shan Huang, and imposing sanctions against it. These rulings were based on the trial court's conclusion there was no enforceable judgment, because the court had granted defendant's motion for a new trial of punitive damages. Plaintiff contends the part of the judgment awarding compensatory damages was enforceable despite the order granting a new trial of punitive damages. We affirm.

## BACKGROUND

A jury awarded plaintiff $1,620,000 in compensatory damages, and $280,000 in punitive damages in its action against defendant (and others not relevant to this appeal), and judgment was entered in plaintiff's favor on January 3, 2018. After entry of judgment, defendant successfully moved for a new trial of punitive damages. The court granted defendant's motion "subject to denial if Plaintiff accepts a reduction to $10,000."

Plaintiff did not accept the court's proposed reduction of punitive damages to $10,000, and therefore punitive damages were to be retried. No date for retrial was set, however, because plaintiff appealed the order granting a new trial.[1]

After the court's ruling on the new trial motion, plaintiff sought to enforce the judgment. On March 14, 2018, plaintiff obtained a writ of execution from the clerk of the superior court for the entire judgment (including the punitive damages award). In May 2018, plaintiff also served subpoenas for production of business records upon several banks at which defendant held

---

[1]     That appeal is pending before this court, case No. B289513.

2

accounts.  Additionally, plaintiff sent levy instructions to Bank of America, and accounts held by defendant's wife and son were levied.  In June 2018, plaintiff sought orders requiring defendant and others to appear for judgment debtor examinations.

Defendant vigorously opposed plaintiff's efforts to enforce the judgment.  Defendant filed claims of exemption with the sheriff's department, supported by declarations from his wife and son testifying that the money in the levied accounts belonged only to them.

Defendant also objected to the subpoenas for production of business records, and demanded plaintiff withdraw them.  In June 2018, defendant filed a motion to quash the subpoenas, arguing that the order granting the new trial motion had vacated the judgment.  Defendant sought sanctions against plaintiff for its efforts to enforce the judgment.  A hearing on the motion was calendared for September 20, 2018.

On August 7, 2018, defendant filed a motion to quash the writ of execution, again seeking sanctions against plaintiff.

Plaintiff opposed the claims of exemption, and the claims were set for hearing on August 23, 2018.  In his reply to plaintiff's opposition, defendant again requested sanctions for plaintiff's repeated efforts to enforce the judgment despite the grant of a new trial of punitive damages.

At the August 23, 2018 hearing on the claims of exemption, the trial court found there was no enforceable judgment and ordered the sheriff to instruct Bank of America to release the levied funds immediately.  The court declined to impose sanctions.  The proceedings were not reported, and no settled or agreed statement appears in the record on appeal.

The hearing on defendant's motion to quash the writ of execution was held on August 30, 2018. The proceedings were reported, and a transcript was included in the record on appeal. The trial court observed that "the issue here is essentially the same that was presented on the motion heard in this case on August 23rd; that is, can judgment be enforced when a motion for a new trial has been granted as to part of it. And so my conclusion is going to be the same, and that is that it cannot." The court declined to award sanctions. However, the court did caution plaintiff that it was inclined to award sanctions in the future if plaintiff persisted with its efforts to enforce the judgment.

On August 31, 2018, plaintiff filed a notice of appeal, appealing the August 30, 2018 order. (Case No. B292417.)

That left for resolution defendant's third motion, to quash the subpoenas for production of business records. On September 14, 2018, plaintiff's counsel filed a declaration with the court, stating that plaintiff had taken its scheduled judgment debtor examinations off calendar, and had offered to withdraw the subpoenas, rendering the pending motion moot. However, defendant would not agree to take the motion off calendar unless plaintiff agreed to pay his fees and costs associated with the motion. Plaintiff refused to pay the requested fees and costs, so the motion remained on calendar.

The September 20, 2018 hearing on defendant's motion to quash the subpoenas for production of business records was not reported, and no settled or agreed statement of what occurred at the hearing has been included in the record on appeal. The minute order reflects that the motion to quash was granted, and

4

the court awarded sanctions in the amount of $1,810 against plaintiff and its counsel.

On October 1, 2018, plaintiff filed a notice of appeal from the September 20, 2018 order.  (Case No. B292969.)  We consolidated the appeals concerning the August 30 and September 20 orders.

## DISCUSSION

### 1.    Scope of the Appeal

According to plaintiff's appellate brief, plaintiff is appealing the orders made on August 23, 2018, August 30, 2018, and September 20, 2018.  Plaintiff claims the August 31, 2018 notice of appeal designated both the August 23 and August 30 orders.  It did not.  The notice of appeal designated only the August 30 order.

The notice of appeal must identify "the particular judgment or order being appealed."  (Cal. Rules of Court, rule 8.100(a)(2).) " '[W]here several judgments and/or orders occurring close in time are separately appealable . . . each appealable judgment and order must be expressly specified—either a single notice of appeal or multiple notices of appeal—order to be reviewable on appeal.' " (*DeZerega v. Meggs* (2000) 83 Cal.App.4th 28, 43.)  Orders after a judgment are separately appealable.  (Code Civ. Proc., § 904.1, subd. (a)(2).)

Therefore, plaintiff's claim of error regarding the August 23 order is not cognizable on appeal.  In any event, as discussed *post*, the claim fails for other reasons.

### 2.    Enforceability of Judgment

Plaintiff contends the partial granting of a new trial of punitive damages did not vacate the entire judgment, and that the judgment for compensatory damages was still enforceable.

5

We review the trial court's legal conclusions de novo. (*Tom v. City and County of San Francisco* (2004) 120 Cal.App.4th 674, 678-679.) Notwithstanding the de novo standard of review, it is still plaintiff's duty to adequately raise and support its claims of error in its appellate briefs. (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6.)

Plaintiff has cited to cases holding that a retrial of punitive damages does not require the retrial of liability and compensatory damages (*Torres v. Automobile Club of So. California* (1997) 15 Cal.4th 771, 780; *Barmas, Inc. v. Superior Court* (2001) 92 Cal.App.4th 372, 376-377). Plaintiff also cited cases finding that an appeal from a judgment does not vacate the judgment (see, e.g., *McFarland v. City of Sausalito* (1990) 218 Cal.App.3d 909, 912), and cases holding that a judgment reversed against an unrelated codefendant remains enforceable as to other defendants (see, e.g., *Bishop v. Superior Court* (1922) 59 Cal.App. 46, 49).

None of these cases controls the entirely different issue here regarding the enforceability of a judgment for compensatory damages after the grant of a new trial of punitive damages. (*In re Marriage of McLaughlin* (2000) 82 Cal.App.4th 327, 337 [an appellant must support each contention with argument and citation to authority that demonstrates prejudice resulting from the error].)

We are not persuaded the trial court erred. When a court grants a partial new trial, "the new trial order has the effect of vacating the entire judgment and holding in abeyance the portions which are not subject to a new trial until one final judgment can be entered." (*Beavers v. Allstate Ins. Co.* (1990)

6

225 Cal.App.3d 310, 329.)  Here, there was no final judgment; it was vacated by operation of law.

And, even if the compensatory damages award remained enforceable, plaintiff's writ of execution sought to collect on the entire judgment, including punitive damages, which unquestionably had been vacated.  Therefore, we can discern no prejudicial error.

## 3.    Sanctions

Lastly, plaintiff contends the court erred in awarding sanctions on September 20, reasoning that plaintiff had ceased its efforts to enforce the judgment.  Sanctions generally fall within the trial court's discretion.  (See, e.g., *New Albertsons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403, 1422.)  However, without the benefit of a reporter's transcript or settled or agreed statement, we cannot know the basis for the trial court's ruling. (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 [failure to provide an adequate record prohibits appellate review]; Cal. Rules of Court, rules 8.120(b)(2), (b)(3), 8.134, 8.137.)  We presume that, having warned plaintiff on August 30 the court would award sanctions if plaintiff persisted in trying to enforce a partial judgment, the court found plaintiff's conduct was sanctionable.  Defendant agreed to stipulate to take the motion off calendar if plaintiff paid his costs for bringing the motion, and the trial court apparently found plaintiff's refusal to accept those terms was unreasonable.  On this record, we cannot say the court abused its discretion.

7

## DISPOSITION

The orders are affirmed.

GRIMES, J.

WE CONCUR:

BIGELOW, P. J.

WILEY, J.